# UNITED STATES DISTRICT COURT
## for the
### Western District of Texas

FILED

JUN 09 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 1:23-CR-100-DAE |
| Natin Paul ) | |
| ) | |
| *Defendant* | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

   The defendant must appear at: U.S. Courthouse for the Western District of Texas-Austin Division
   *Place*
   501 West 5th Street, Austin, Texas 78701

   on _____as directed._____
   *Date and Time*

   If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

# ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(☐) (6) The defendant is placed in the custody of:
Person or organization _____
Address *(only if above is an organization)* _____
City and state _____ Tel. No. _____
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____  _____
                                 *Custodian*                       *Date*

(☑) (7) The defendant must:
    (☑) (a) submit to supervision by and report for supervision to the  United States Pretrial Services Office ,
           telephone number   512-916-5297  , no later than  the date of this Order Setting Conditions  .
    (☑) (b) continue or actively seek employment.
    (☐) (c) continue or start an education program.
    (☑) (d) surrender any passport to:  the United States Pretrial Services Office no later than he date of this Order Setting Conditions of Release
    (☑) (e) not obtain a passport or other international travel document.
    (☑) (f) abide by the following restrictions on personal association, residence, or travel:  Defendant may not travel internationally. Defendant's travel within the State of Texas is unrestricted. Defendant may travel outside Texas provided that he give notice of his itinerary to Pretrial Service prior to the travel.
    (☑) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:  Please see Paragraph 7(g) (CONTINUED) on the following page.

    (☐) (h) get medical or psychiatric treatment: _____

    (☐) (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

    (☐) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
    (☑) (k) not possess a firearm, destructive device, or other weapon.
    (☐) (l) not use alcohol ( ☐ ) at all ( ☐ ) excessively.
    (☐) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
    (☐) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
    (☐) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
    (☐) (p) participate in one of the following location restriction programs and comply with its requirements as directed.
        (☐) (i) **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____ , or ( ☐ ) as directed by the pretrial services office or supervising officer; or
        (☐) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
        (☐) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or
        (☐) (iv) **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
            Note: Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

## ADDITIONAL CONDITIONS OF RELEASE

( ☐ ) (q) submit to the following location monitoring technology and comply with its requirements as directed:
- ( ☐ ) (i) Location monitoring technology as directed by the pretrial services or supervising officer; or
- ( ☐ ) (ii) Voice Recognition; or
- ( ☐ ) (iii) Radio Frequency; or
- ( ☐ ) (iv) GPS.

( ☐ ) (r) pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( ☐ ) (s) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☐ ) (t) _____

Paragraph 7(g) (CONTINUED):

Among the actions that the defendant shall not take pursuant to this Paragraph 7(g), the defendant shall not, either personally or through others acting at the defendant's direction:

(i) without leave of this Court, assert or threaten a legal claim or legal proceeding of any kind (including but not limited to litigation, arbitration, or mediation) against any person who may be a victim or witness, if such claim or proceeding is premised in whole or in part on the person's action or inaction in connection with the investigation or prosecution;

(ii) without leave of this Court, submit or threaten to submit a criminal complaint against any person who may be a victim or witness, if such complaint is premised in whole or in part on the person's action or inaction in connection with the investigation or prosecution;

(iii) otherwise retaliate against, threaten, harass, or intimidate any person who may be a victim or witness.

The term "investigation or prosecution" includes the above-captioned criminal case, any related criminal case that the United States may institute against the defendant hereafter, and any investigation leading to any such criminal case.

The term "witness" includes any person who may have knowledge of the loans and other transactions that are referenced in the Indictment ("the Transactions"), including but not limited to:

- current and former employees of the lenders referenced in the Indictment,

- attorneys who acted as the lenders' counsel in connection with the Transactions,

- any advisors to the lenders in connection with the Transactions,

- current and former employees of the financial institution where the "767 Account" and "5175 Account" referenced in the Indictment were held, and

- officers or other representatives of the "LA LLC" referenced in the Indictment,

all of which the government shall specifically identify upon written request by the defendant's counsel of record.

If the defendant's employees, contractors, friends, or relatives are or may be witnesses, this Paragraph 7(g) does not preclude the defendant from having ordinary contact with those persons or communicating with them about matters other than the investigation or prosecution.

Except as stated in sub-paragraphs (i) through (iii) above, this Paragraph 7(g) does not limit the actions of the defendant's counsel of record or members of their defense team, or limit the defendant's contacts or communications while he is in the presence of his counsel of record.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

　　Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

　　While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

　　It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

　　If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

　　A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

　　I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

_____
*City and State*

### Directions to the United States Marshal

(✓) The defendant is ORDERED released after processing.
(☐) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 6/9/23

_____
*Judicial Officer's Signature*

U.S. Magistrate Judge Dustin Howell
*Printed name and title*

DISTRIBUTION:　COURT　DEFENDANT　PRETRIAL SERVICE　U.S. ATTORNEY　U.S. MARSHAL