## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **No. 23-CR-100-DAE** |
| | § | |
| **NATIN PAUL** | § | |

## UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE

Mr. Paul moves to modify condition 7(g)(1) and 7(g)(2) of his bond as follows. The United States does not oppose this motion.

## 1. 7(g)(1) and Unintended Consequences

At the initial appearance on June 9, the Court imposed a condition of release that Mr. Paul shall not, without leave of court:

> Assert or threaten [legal claims or proceedings or criminal complaints] against any person who may be a victim or witness, if such claim or proceeding is premised in whole or in part on the person's action or inaction in connection with the investigation or prosecution.

The Court acknowledged that the defense had not had much time to consider this provision, leaving open the possibility of revisiting it.

Already, the condition is having consequences that were unforeseen to defense counsel and, we believe, not intended by the government. Shortly after the initial

appearance, a party who had already sued Mr. Paul over a guarantee on a loan wrote to demand that Mr. Paul dismiss or stay his existing counterclaims, invoking condition 7(g), claiming it requires Mr. Paul to dismiss or stay all his claims (which are business related) or else the civil litigant would report Mr. Paul to the Court for violating his bond. A copy of the threatening correspondence has been given to the prosecution. The government agrees that condition 7(g) was not intended to apply to existing suits (nor to business claims but only to a narrow class of claims based on cooperating with law enforcement). Notably, the government's motion seeking this condition was written in the *future* tense. Government's Sealed Motion, June 6, 2023, at pages 6-7. Still, we have to expect that opponents in other litigation will try to exploit the bond condition as well, in ways that prejudice or deprive Mr. Paul's constitutional and other rights to litigate civil claims. We wish to avoid having to respond to such unrighteous claims.

We therefore ask the Court to modify condition 7(g)(i-ii) to read as follows:

(i)     *Without leave of this Court, initiate or threaten to initiate a new legal proceeding of any kind (including but not limited to filing a lawsuit or arbitration) against any victim or witness, or assert or threaten to assert a new legal cause of action, against any a victim or witness, if such proceeding or cause of action is premised in whole or in part on the person's cooperation with the investigation or prosecution.*

(ii)    *Without leave of this Court, submit or threaten to submit a criminal complaint against any victim or witness, if such complaint is premised in whole or in part on the person's cooperation with the investigation or prosecution.*

## 2.   Contact with Law Enforcement

The Pretrial Officer has asked to include the standard condition that Mr. Paul report any contact he may have with law enforcement.  We do not oppose that condition if the Court believes it is reasonably necessary.

Respectfully submitted,

By: /s/ David Gerger

David Gerger
Texas Bar No. 07816360
dgerger@ghmfirm.com
Gerger Hennessy & Martin LLP
700 Louisiana, Suite 2300
Houston, Texas 77002
713.224.4400 – Telephone
713.224.5153 – Fax

E. G. Morris
Texas Bar No. 14477700
egm@egmlaw.com
Law Office of E. G. Morris
505 W. 12th St. Ste. 206
Austin, Texas 78701
512.893.6121 - Telephone
877.497.8347 - Fax

**ATTORNEYS FOR NATIN PAUL**

## CERTIFICATE OF CONFERENCE

The United States does not oppose this motion.

/s/ David Gerger
David Gerger

## CERTIFICATE OF SERVICE

This pleading was filed on the court's electronic system, which serves all parties, and emailed to the Pretrial Officer.

/s/ David Gerger
David Gerger