UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States | § | |
| | § | CRIMINAL NO. |
| vs. | § | A:23-CR-100-DAE |
| | § | |
| (1) Natin Paul a/k/a Nate Paul | § | |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

Before the Court is the government's Unopposed Motion for Confidentiality and Protective Order. After careful consideration, and in view of the necessity of protecting the confidentiality of information belonging to Defendant(s) and others, it is hereby ORDERED as follows:

**Definitions**

1. "Defense Counsel" means counsel of record for a defendant in this criminal case (hereafter Defense Counsel's "client") and their co-counsel.

2. "Defense Team" means Defense Counsel and professionals assisting Defense Counsel with the defense of their client in this criminal case, including but not limited to investigators, consultants, experts, paralegals, legal assistants, lawyers, contractors, and information technology specialists.

3. "Attorneys for the Government" means counsel of record for the United States in this criminal case, as well as any other Assistant United States Attorneys for the Western District of Texas who may assist or oversee the government's counsel of record.

4. "Prosecution Team" means the Attorneys for the Government, as well as any paralegal, legal assistant, officer, agent, investigator, or analyst of the United States or of any state or local law enforcement agency who assist the Attorneys for the Government in connection with this

criminal case.

5.      "Discovery Material" means everything provided by the government to Defense Counsel in discovery in this criminal case or during the investigation that led to this criminal case, including files and documents of every kind, and all information contained therein.

6.      "Protected Information" means any and all of the following:

   a.   personally identifiable information, including but not limited to birth dates, Social Security numbers, driver's license numbers, bank or other financial account numbers, personal telephone numbers, personal electronic mail addresses, and residential addresses;

   b.   tax or tax return information;

   c.   healthcare-related information;

   d.   confidential and proprietary business information;[1] and

   e.   any information concerning a minor child, including but not limited to photographs and video or audio recordings.

7.      "Confidential Discovery Material" means any Discovery Material that contains or reflects Protected Information. Some Confidential Discovery Material may be Sealed Discovery Material.

8.      "Sealed Discovery Material" means all of the following:

   a.   any Discovery Material that has been filed under seal, including but not limited to search warrants, applications for search warrants, and affidavits supporting applications for search warrants;

   b.   any grand jury subpoenas, transcripts of grand jury proceedings, grand jury exhibits, or other records of matters occurring before the grand jury that may be provided in

---

[1]  The term "confidential and proprietary business information" will include only information that the government identifies and marks as such. If the defense disagrees with such identification, it shall so notify the government, and the government shall either withdraw the identification or, with notice to Defense Counsel, seek leave of Court to identify the material as "confidential and proprietary business information."

discovery, provided however that no Discovery Material will be considered Sealed Discovery Material simply by virtue of the fact that the government obtained it by way of a grand jury subpoena;

    c.    any Memoranda (e.g., Forms FD-302), notes, or other writings that record interviews with or statements of witnesses; and

    d.    anything identified and marked by the government as originating from the Financial Crimes Enforcement Network of the United States Treasury Department ("FINCEN"), including but not limited to Suspicious Activity Reports and other reports and information created or maintained pursuant to the Bank Secrecy Act.

Some Sealed Discovery Material may be Confidential Discovery Material.

9.    To "disclose" Discovery Material is to reveal or display it, or to describe or communicate its contents. Disclosing Discovery Material includes providing copies of Discovery Material as defined below.

10.    To "provide copies of" Discovery Material is to deliver or transfer the original or a duplicate of all or a part of any Discovery Material.

11.    The client's "defense in this criminal case" does not include any of the following:

    a.    asserting or threatening to assert a new cause of action or new legal proceeding of any kind (including but not limited to litigation, arbitration, or mediation) against any person in whole or in part on account of their cooperation with the investigation or prosecution of this matter;

    b.    submitting or threatening to submit a criminal complaint against any person; or

    c.    other than in hearings or court filings in this criminal case, publicly disseminating Discovery Material, whether via the Internet, via social media platforms (including but not limited to Twitter), via interviews with journalists, or by other means.

**Applicability of this Order**

12. This Order is binding on any person who receives a copy of any Discovery Material if that person is aware of the requirements of this Order.

13. Before providing copies of any Discovery Material to any person, a member of the Defense Team shall provide a copy of this Order to that person, and shall notify them that they must comply with this Order.

14. This protective order survives the conclusion of this litigation.

**Prohibitions**

15. A member of the Defense Team shall not:

 a. provide copies of Discovery Material to anyone other than the client or another member of the Defense Team, except that a member of the Defense Team may provide copies to a witness or counsel for a witness after first giving the witness or counsel a copy of this Protective Order and notifying the witness or counsel that they are subject to this Order;

 b. provide copies of Discovery Material to any incarcerated person;

 c. disclose any Discovery Material, except as necessary for and in connection with the defense of the client in this criminal case, including but not limited to interviewing witnesses and preparing witnesses to testify;

 d. use or knowingly permit others, including the client and other members of the Defense Team, to use any Discovery Material for purposes other than the defense of the client in this criminal case; or

 e. photograph, duplicate or reproduce any Discovery Material that the government only makes available for review at a government office (e.g., a United States Attorney's Office or an FBI office).

16. A defendant shall not:

    a. duplicate or reproduce any Discovery Material;

    b. provide copies of Discovery Material to anyone other than a member of the Defense Team;

    c. disclose any Discovery Material to anyone other than a member of the Defense Team; or

    d. use or knowingly permit others to use any Discovery Material for any purpose other than the defendant's defense in this criminal case.

17. A witness or a witness's counsel who receives a copy of any Discovery Material and a copy of this Order shall not:

    a. disclose any Discovery Material to any person, except that a witness whose counsel has not received a copy of the Discovery Material may provide a copy of the Discovery Material to his or her counsel; or

    b. use or knowingly permit others to use any Discovery Material for any purpose other than fulfilling the witness's role as a witness in this criminal case or providing legal advice to the witness related to his or her role as a witness in this criminal case.

## Securing Protected Information

18. If a member of the Defense Team or a member of the Prosecution Team intends to use or disclose Confidential Discovery Material in a manner that is likely to result in disclosure of Protected Information, including but not limited to use in court filings, in court proceedings, in interviewing witnesses, or in preparing witnesses to testify, he or she shall take reasonable steps, including but not limited to redaction and sealing, to ensure that the intended use of the Confidential Discovery Material does not unnecessarily disclose Protected Information or cause it

to be misappropriated or misused. This paragraph is not intended to prevent the Defense Team from using materials at trial or otherwise to defend the case.

19. If a member of the Defense Team or a member of the Prosecution Team cannot independently determine whether particular information in Discovery Material ("the information in question") is Protected Information, he or she shall ensure that counsel for the other parties is notified in writing of any intent to use the Discovery Material in a manner that is likely to result in public disclosure of the information in question. Counsel receiving notice pursuant to this paragraph shall promptly respond in writing with any request for redaction or other reasonable steps to prevent disclosure of any Protected Information. If the parties do not agree on the status of information as Protected Information, or cannot agree on the necessary steps to prevent disclosure of the information, the party objecting to use of the Discovery Material shall seek a ruling from the Court by written motion. The party intending to use the Discovery Material shall not, until the Court has ruled on the Motion, use it in a manner that is likely to result in public disclosure of the information in question.

20. A member of the Defense Team shall not disclose Sealed Discovery Material to anyone other than the Court, the Defense Team, Defense Counsel's client, and as necessary to potential witnesses who agree to be bound by this order

21. Defense Counsel's client may review Sealed Discovery Material when accompanied or supervised by a member of the Defense Team but may not make or retain a copy for his or her possession.

### Handling and Return of Discovery Material

22. The Defense Team and the Prosecution Team shall endeavor to cooperate, to the fullest extent possible, in ensuring that no Discovery Material is disclosed in contravention of this Order,

including by taking any necessary steps to recapture and prevent further disclosure of any Discovery Material that may have been disclosed inadvertently.

23. Defense Counsel shall direct witnesses, witnesses' counsel, members of the Defense Team, and the client to return any Discovery Material to Defense Counsel at the earliest date and time that doing so will not hinder Defense Counsel's defense of the client, but in any event not later than the conclusion of these proceedings (including any appeals from or collateral challenges to a conviction of or sentence imposed on Defense Counsel's client).

## Communications Between Co-Defendants' Attorneys

24. This Order does not preclude counsel for one defendant from conferring with counsel for another defendant about Discovery Material that they both possess.

IT IS SO ORDERED.

SIGNED at _____, Texas this _____ day of July 2023.

_____
DAVID A. EZRA
SENIOR U.S. DISTRICT JUDGE