UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA

v.

NATIN PAUL

Case No. 1:23-cr-100-DAE

**MOTION FOR CONTINUANCE**

Nate Paul, through undersigned counsel, respectfully moves to continue his trial from July 29, 2024 to the first available date in January 2025. On January 19 and 29, 2024, undersigned counsel, along with incoming counsel from Williams & Connolly LLP ("W&C"), conferred with the government about a new trial date, but were unable to reach agreement. The government did not oppose a continuance, but proposed that trial commence in October 2024. For the following reasons, discussed in more detail below, Mr. Paul respectfully requests that the Court schedule trial to commence in January 2025: (a) voluminous discovery (upwards of 4 million documents) remains outstanding and will take time to complete; (b) the superseding indictment added an entirely new, complex case, what the government itself characterized as new charges "under other statutes related to other transactions," Tr. (10/16/23), ECF 52 at 7; (c) this is a complex case and the new charges are even more so; and (d) defense counsel believe that, given the foregoing, they need until January 2025 to prepare adequately for trial. Mr. Paul further requests that the Court allow the parties to propose new interim deadlines based on whatever trial date the Court sets, including for motions and pretrial submissions.

**PROCEDURAL HISTORY**

1. On June 6, 2023, the original indictment was filed, charging eight counts of making false statements to lending institutions under 18 U.S.C. § 1014 on discrete days in 2017 and 2018. ECF 3.

2. On June 27, 2023, the Court issued an initial scheduling order setting trial for August 14, 2023. ECF 20.

3. On July 11, 2023, prior lead counsel filed an unopposed motion to continue the trial date indefinitely based on the complexity of the case, the volume of anticipated discovery, and the time needed to prepare adequately for trial. ECF 24.

4. On July 20, 2023, the Court set trial for July 29, 2024 and established new interim dates for motions and pretrial submissions. ECF 29. The Court excluded time under the Speedy Trial Act based on its finding that the complexity of the case and volume of discovery required additional time for pretrial proceedings and for Mr. Paul to prepare his defense. *Id.* at 3.

5. On October 16, 2023, the Court held a telephonic status conference. The government described the initial discovery productions, including the September 28, 2023 production of previously produced materials "in a format that is suitable for loading into Relativity so that Mr. Paul's attorney would be able to set up a searchable Relativity database." Tr. (10/16/23), ECF 52 at 4. Prior lead counsel advised that they "now have hired a vendor to load and post so we can search it. And simply, we're not complaining about that amount of time that it took to get, that's just how long it takes for the government to put it in that form, and we expect there will be another batch to go through the same process." *Id.* at 5-6. Prior lead counsel advised that it might be difficult to obtain and review the remaining discovery by the scheduled trial date. *Id.* at 6. The government advised the Court of another potential scheduling issue; it was contemplating a superseding indictment, adding "counts under *other* statutes related to *other*

transactions." *Id.* at 7 (emphasis added). The Court set a status conference for December 20, 2023, by which time the government expected to make its charging decision. *Id.* at 8, 10.

6. On November 7, 2023, a superseding indictment was filed adding four new counts that had nothing to do with the original eight counts. ECF 36 (the "SI"). The new counts alleged a more than eight-year wire fraud conspiracy dating back to 2011, and three substantive wire fraud counts, all predicated on an alleged scheme to defraud investors in limited partnerships. *Id.* ¶¶ 8-53.

7. On November 20, 2023, prior lead counsel moved to withdraw. ECF 47. That month, W&C began working to obtain the initial discovery from prior lead counsel. In January 2024, W&C received what the government has described as the last tranche of that initial discovery. W&C is still in the process of loading the initial discovery onto its e-discovery platform, Relativity, so that it is accessible for electronic review. In the meantime, W&C has been working diligently to assess and prepare the case. Undersigned counsel has met with and otherwise interacted extensively with W&C, and has observed that they have begun work in earnest on the case.

8. On December 20, 2023, the parties appeared before the Court for a status conference. Undersigned counsel advised the Court that W&C would be entering an appearance, seeking a continuance, and conferring with the government regarding the schedule. The government advised that it had made an initial production of discovery relating to the new charges, and that additional discovery would be forthcoming.

9. On January 19, 2024, undersigned counsel and W&C conferred with the government about the trial date and discussed the status of discovery. The government advised that discovery remained outstanding, including, among other things: a Relativity database

containing approximately 4 to 4.5 million documents obtained via search warrants and subpoenas; a Microsoft Access database, containing data from more than 700 different bank accounts, that FBI forensic accountants used to analyze the data; the underlying bank records; and grand jury materials. By letter dated January 24, undersigned counsel requested these materials and more, and asked for a follow-up call. *See* Ex. A (Email and attached Ltr. from Morris to Buie, Jan. 24, 2024).[1]

10. Undersigned counsel and W&C continued to correspond with the government regarding discovery and, on January 29, 2024, had another call with the government about the trial date. *See* Ex. B (Email and attached Ltr. from Buie to Morris, Jan. 26, 204); Ex. C (Email and attached Ltr. from Buie to Morris, Jan. 29, 2024); Ex. D (Emails between defense counsel and Buie, Jan. 29, 2024). The government expects to produce much of the less voluminous discovery as early as this week, but it could not reliably estimate how long it would take to process and produce the 4 to 4.5 million documents in the Relativity database. The government must ask DOJ's Litigation Technology Service Center to process and produce that data and, given the massive volume, it will take defense counsel additional time to process the data before we can even begin to review it.

### GOOD CAUSE EXISTS FOR A JANUARY 2025 TRIAL DATE

11. A continuance of the trial to January 2025 is warranted for several reasons.

---

[1] After a back and forth with the government, we asked the government to produce the entire 4 to 4.5 million document Relativity database instead of trying to exclude the small fraction of previously produced files, out of concern that the exclusion process could result in inadvertent technical mistakes.

a. ***Voluminous discovery remains outstanding.*** To date, the government has produced only a small fraction of the discovery in this case.[2] The government will be producing millions of additional documents, and it cannot estimate how long it will take to process and produce that large volume of data. Based on the government's previous (much smaller) productions, the government has explained that it likely will take weeks. Furthermore, we anticipate that there will be additional discovery requests for missing items once the defense has had an opportunity to analyze the government's productions. We do not expect the volume of discovery produced in response to such follow-up requests to approach the 4-million-document figure, but it will take time to identify the missing items, and it will take the government time to produce. Undersigned counsel has never had a case with such a large volume of documents. Incoming counsel from W&C is also counsel of record in what the government has described as the largest alleged sanctions scheme in history, but that case involves less than a third of the documents at issue here. It will take months to complete discovery, and months more for defense counsel to review the discovery.[3]

---

[2] The government made productions on June 29, 2023 (1,289 files), July 12, 2023 (585,440 files), July 21, 2023 (70 files), and December 18, 2023 (13,683 files). The number of files in these productions ***vastly overstates*** the number of unique documents produced because the government did not initially provide the Relativity load-files necessary to process the files. For example, a single sub-folder in the July 12 production contains 454,613 TIFF files that, according to the accompanying .txt files, should equate to just 29,423 documents once loaded into Relativity. (TIFF files are individual pages from documents rather than complete documents.) The government also produced versions of the first three productions capable of being loaded into Relativity on September 28, 2023. W&C is still in the process of loading these files into Relativity; only then will it be possible to verify how many unique documents have been produced.

[3] We expect the government to argue that the initial productions it made already include much of what the government believes to be the key documents. The government investigated this case for nearly a decade, and no doubt has its own view of what is most important. Defense counsel is entitled to adequate time to conduct its own review of the discovery, and assess its relative importance.

      b.    ***The SI added what the government itself characterized as new charges "under other statutes related to other transactions."***  The eight counts in the original indictment were charged under 18 U.S.C. § 1014, and allege false statements to lenders (credit unions and mortgage lending businesses) on seven specific dates in 2017 and 2018.  SI ¶¶ 54-154.  The new counts in the SI are entirely separate from the case initially charged.  The new counts were charged under different statutes, 18 U.S.C. §§ 1343, 1349; have nothing to do with alleged false statements to lenders, but rather charge a scheme to defraud limited partners who invested money in partnerships by supposedly using partnership money in violation of partnership agreements; and cover a period of more than eight years dating back to 2011, not discrete dates in 2017 and 2018.  SI ¶¶ 8-53.  The SI did not just add more of the same; it added an entirely new, complex case.  These two, disparate cases will involve different witnesses, different documentary evidence, different alleged victims, different complex expert issues, and different legal issues.

      c.    ***This is a complex case.***  The original indictment charged a complex case.  Because the new charges are even more complex, and cover a period of more than ***eight years***, they will require more trial preparation time.  As one illustration of the complexity, the government has utilized a forensic accountant to trace the transfer of limited partnership funds over the relevant period to identify transfers that allegedly breached the partnership agreements.  The government has stated that it intends to produce this week a Microsoft Access database containing financial records from 700 ***different*** bank accounts.[4]  The defense will have to conduct its own analysis of these records, a very time-consuming and technical task.  As another example of the complexity, the government alleges that quarterly partnership balance sheets provided to limited partners

---

[4]    Microsoft Access is a database management system that allows combinations of very large data sets that are too large for Excel or other traditional data analysis tools.

supposedly "concealed" the allegedly improper transfers by recording assets in operating cash instead of accounts receivable. As made clear during the investigation, the government's own expert accountants could not understand the interplay between the partnership general ledgers and the balance sheets generated from the Yardi accounting software used for the partnerships. The defense will need to analyze these same accounting transactions to show that the government's expert accountants still have it wrong, also a time consuming and complicated task.

        d.     ***Given the foregoing, defense counsel need the requested time to prepare for trial.*** This is: (i) a document heavy case, with millions of files being produced in discovery; (ii) a witness heavy case, with the government interviewing more than 100 witnesses during its investigation and predicting to call numerous witnesses at trial; (iii) a case that covers lengthy, and remote time periods; and (iv) a highly-technical case, which will require consulting and probably testifying experts. This case also will involve complicated legal issues because, among other things, the government has attempted to charge alleged breaches of contract as criminal fraud. Defense counsel anticipate filing several pretrial motions and, as we offered to the government during our meet and confer, will propose a motions deadline further in advance of the trial date than under the current schedule to ensure that there is sufficient time to litigate these pretrial issues without disrupting the trial schedule. Similarly, defense counsel will propose an earlier date for the government's Rule 404(b) notice because given the breadth and duration of the government's sprawling investigation, that is another issue that could impact trial preparation time substantially. Defense counsel also will propose earlier pretrial submissions because we anticipate that there will be complicated voir dire given the publicity in this case, thousands of trial exhibits, dozens of witnesses, and more complicated than usual jury instructions. Defense counsel are asking for an additional continuance of only three months beyond the government's proposed trial date. The

government investigated this case for nearly a decade; new lead defense counsel from W&C believe that they need until January 2025 to prepare adequately for trial.[5]

## CONCLUSION

For the reasons set forth above, Mr. Paul respectfully requests that the Court continue the trial from July 29, 2024 to the first available date in January 2025, and allow the parties to propose new interim deadlines based on whatever trial date the Court sets, including for motions and pretrial submissions.

Dated:  January 31, 2024                                         Respectfully submitted,


By: */s/ E. G. Morris*
E. G. Morris
SBN: 14477700
Law Office of E. G. Morris
505 W. 12th St. Ste. 206
Austin, Texas 78701
Phone (512) 478-0758
Fax (877) 497-8347
Email egm@egmlaw.com

*Counsel for Natin Paul*

---

[5] During the meet and confer, the government erroneously suggested that trial preparation could be streamlined based on the work of prior law firms. The government noted that, during the pre-indictment phase, Mr. Paul engaged a law firm to work with the government filter team to conduct a privilege review of a subset of documents flagged by the filter team. That law firm did a ***privilege*** review; it did not work up the defenses for an as-yet to be filed theoretical indictment; and the subset flagged for review constituted a tiny fraction of the documents the government will produce in discovery. The government also noted that prior lead counsel was in place before the superseding indictment. But prior lead counsel advised the Court on October 16, 2023, that it had only recently "hired a vendor to load and post" the initial discovery "so we can search it," and that "it may be difficult to predict that we will be through all of" the anticipated discovery by the July 2024 trial date. Tr. (10/16/23), ECF 52 at 5-6. And that firm withdrew two weeks after the return of superseding indictment, before the December 18, 2023 production, and long before the remaining millions of documents will ever be produced. If the Court needs information regarding the transition of work product, we respectfully ask that be done *ex parte*.

**CERTIFICATE OF CONFERENCE**

The parties conferred regarding the issues presented by this motion via teleconference on July 19 and 29, 2024.  The government does not oppose a continuance, but proposes that the trial commence in October 2024.

>                                   */s/ E. G. Morris*
>                                   E. G. Morris

**CERTIFICATE OF SERVICE**

On January 31, 2024, I caused a copy of the foregoing pleading to be filed electronically with the Court using the Court's CM/ECF system, which will transmit a notice of electronic filing to all counsel of record in this action.

>                                   */s/ E. G. Morris*
>                                   E. G. Morris