IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. 1:23-CR-100-DAE |
| § | ECF |
| NATIN PAUL § | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR CONTINUANCE

The United States of America opposes a continuance of the trial date to 2025, but it does not oppose a continuance until a date later in 2024 than the current trial setting of July 29. In support of its position, the government would respectfully show the Court as follows:

### PROCEDURAL HISTORY

Although criminal discovery began in earnest only after the indictment was unsealed in June 2023, defendant's attorneys have been in communication with the government and periodically received information about the case since the execution of search warrants by the FBI in August 2019.[1]  Attorneys with King & Spalding, LLP in Washington DC, and Meadows, Collier, Reed, Cousins, Crouch, & Ungerman in Dallas received copies of several search warrants shortly after they were executed. Additionally, Michael Wynne of Gregor, Cassidy, Wynne PLLC from Houston, Texas appeared as Defendant's counsel at a hearing, along with Mr. Morris, in February 2020.  Mr. Wynne represented defendant until May 2021.

The electronic devices that were seized during the execution of the search warrants in August 2019 were imaged by IRS Computer Investigative Specialists (IRS-CIS), and the

---

[1] Attachment A to this Response summarizes the discovery that the government has provided thus far.

**Government's Response to Motion for Continuance - Page 1**

electronic devices were returned to Mr. Morris in early 2020. The scanned paper records seized during the execution of the search warrants were provided to defendant's attorneys at Graves Garrett LLC in Kansas City, Missouri in May 2021. In September 2021, the government provided a copy of the IRS-CIS hard drive, containing seized images of electronic devices, to Graves Garrett LLC.

Following the return of the initial indictment in June 2023, defendant hired David Gerger and other attorneys from Gerger, Hennessy & Martin LLP of Houston, Texas. Cynthia Orr of Goldstein & Orr from San Antonio, Texas, also entered an appearance for defendant that same month. Mr. Morris continued as retained counsel as well.

Other than Mr. Morris, there are currently no other counsel of record for defendant. Mr. Morris has indicated that attorneys from Williams & Connolly LLP will be incoming counsel for defendant. Simon Latcovich and Patrick Looby from Williams & Connolly participated on two phone calls with the government regarding discovery and a trial date in January 2024.

## BASIS FOR CONTINUANCE

It is undisputed that the government collected a large amount of evidence during its investigation. The government has worked cooperatively with defense counsel to highlight the relevant parts of the discovery and respond to any questions defense counsel has had about the material. Most of the discovery materials are records and communications that the government seized from defendant and his companies and then returned to them years ago. Another large group of documents are records of financial accounts held by defendant and his companies. Therefore, the evidentiary materials are largely records and documents belonging to defendant, of which he presumably has extensive knowledge.

The government acknowledges that the November 7, 2023, Superseding Indictment introduced a new prosecution theory involving different witnesses and evidence. But Count One describes the scheme in detail and lists multiple specific examples of the alleged fraudulent acts. The indictment itself, when combined with the discovery offered to date, offers defense counsel a clear roadmap of the government's case. The allegation that defendant defrauded investors in the limited partnerships is straight forward and uncomplicated.

The government requests the court set the trial for a date in October 2024. This would be approximately 17 months from the return of the original indictment and 11 months from the return of the superseding indictment. Defendant has been represented throughout this process by experienced and able counsel. And Mr. Morris indicated in the status conference on February 8, 2024, that the attorneys from Williams & Connolly are "up to speed" on the case already.

Defendant is entitled to change counsel as he sees fit, but he does so with the knowledge that extra time to prepare is at the discretion of the Court. Based on the totality of the information before this Court, the government requests that trial be set no later than October 2024. This will allow adequate preparation time for new counsel to try the case and avoid any holiday conflicts for potential jurors. It also ensures the ends of justice and best interest of the public are served under 18 U.S.C. § 3161.

Respectfully submitted,

JAIME ESPARZA
UNITED STATES ATTORNEY

*s/Daniel D. Guess*
DANIEL D. GUESS
Assistant United States Attorney
Texas State Bar No. 00789328

**Government's Response to Motion for Continuance - Page 3**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served via ECF to counsel of record on February 9, 2024.

        *s/Daniel D. Guess*
        DANIEL D. GUESS
        Assistant United States Attorney