UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NATIN PAUL | Case No. 23-cr-100-DAE |

**MOTION FOR CONTINUANCE**

Nate Paul, through undersigned counsel, respectfully moves to continue his trial from November 6, 2024 to the first available date on or after March 17, 2025.[1] Mr. Paul further requests that the Court allow the parties to propose new interim deadlines based on whatever trial date the Court sets, including for motions and pretrial submissions.

The Court set the trial for November 6 when it was anticipated that defense counsel would be able to begin reviewing the government's massive 4.4 million document database by early May. Despite diligent efforts of the parties, defense counsel will not be able to begin reviewing this massive data set until mid to late August. The defense cannot possibly conduct the necessary review and be prepared to defend this complicated case by November 6, given this updated timeline. Defense counsel conferred with government counsel who responded as follows:

> We didn't anticipate that loading the electronic files would take as long as your vendor is expecting it to take, and we understand that the resulting delay in gaining access affects the pace of your work. At the same time, the government is interested in proceeding to trial as soon as possible, and therefore we oppose any continuance beyond what may be absolutely necessary for the preparation of Mr. Paul's defense. We will carefully consider the motion to continue, including any explanation you can provide about how long reviewing the evidence is likely to take once you have access, and we will respond as promptly as possible. Based on the information we have now, we can only say that the government will not oppose

---

[1] Lead defense counsel, Tobin Romero, is lead counsel in another federal criminal trial scheduled to begin February 3, 2025.

1

any adjustments to the current schedule that the Court determines to be absolutely necessary for the preparation of Mr. Paul's defense.

For the reasons set forth below, a little more than two months (mid to late August to November 6) is not sufficient time to review the 4.4 million document database and integrate the fruits of that review into our trial preparation. Based on our collective experience and simple math, the seven months (mid to late August to March 17) we are requesting will be an aggressive timeline.

## BACKGROUND

On February 20, 2024, this Court granted Mr. Paul's motion to continue the trial of this case based on "defense counsel's request for additional time to review discovery and prepare for trial." ECF 63. While Mr. Paul had requested a trial date in January 2025 based on the anticipated volume of discovery, the government maintained that a trial date in Fall 2024 was appropriate, *see* ECF 58, and the Court set trial for November 6, 2024. *See* ECF 63. The Court set this date following the government's representation that it would be able to produce the significant amount of discovery it has amassed in this matter—approximately 4.4 million documents—to the defense by April 2024, and that "Defendant's attorneys will likely be able to begin using the database by late April or early May." *See* ECF 58 at 10. Despite the efforts of the parties, defense counsel will not be able to begin using the database until mid to late August. This timeline will not allow defense counsel to be ready for trial on November 6. Below is an update on the progress of discovery since the last hearing.

The government placed a request with the Litigation Technology Service Center ("LTSC") for a copy of the 4.4 million document database on January 29, 2024. *See* Ex. A. LTSC began preparing the documents for production shortly thereafter. *See* Ex. B. While the government originally anticipated providing defense counsel with the full volume of discovery by April, the

2

government did not make its production until May 14, 2024 because it took longer than expected to copy the production. *See* Ex. C.

Upon receipt of the hard drive containing this production—which included over two terabytes of encrypted data—defense counsel promptly began the load process. *See* Latcovich Decl. ¶ 2. Due to the sheer volume of documents and the hard drive's encryption, however, this load process will take a significant amount of time. *See id.* ¶ 3. Notably, if it takes the defense the same amount of time to ingest the discovery as it took the government just to copy it, the defense will not be able to begin its review until mid to late August. *Id.* Defense counsel has asked its discovery vendor to expedite this matter, including by having the discovery vendor use employees in different time zones for increased coverage and loading multiple production subsets simultaneously. *See id.* ¶ 4. Based on defense counsel's best estimate, the entire production volume will not be available for review until mid to late August. *See id.* ¶ 5. To be clear, this is the date when the defense can ***begin*** its review of the 4.4 million documents.

Based on past experience of undersigned counsel, we will need at least seven months to review this massive data set and prepare for trial. *See id.* ¶ 6. For perspective, if a defense attorney could review 45 documents an hour for 40 hours per week, it would take ***47 defense attorneys*** to review all of the documents in this case in a single year. *See id.* ¶ 7. And that assumes the defense attorneys reviewing documents do no other work in preparing the defense. That also assumes that this massive review identifies no new evidence requiring follow-up discovery requests, factual investigation, or witness interviews. Accordingly, defense counsel cannot possibly review—and does not intend to review—each and every one of these 4.4 million documents. Instead, we intend to use targeted searches (including through search terms) to conduct our review. *See id.* ¶ 8. Those targeted searches cannot meaningfully occur until the entire production is loaded into the review

3

database.  *See id.*  That said, even targeted searches may return significant numbers of documents.  For example, Count 1 alleges an eight-year conspiracy involving five different companies and multiple investor statements.  ECF 36 ¶¶ 9, 25, 36-37.  In addition to that, the government's Rule 404(b) disclosure indicates that it intends to offer more evidence about thirty-one different financial statements involving six different companies and five different investors.  Latcovich Decl. ¶ 9.  Counts 5-12 allege false statements in connection with seven different loans from four different lenders.  ECF No. 36 ¶¶ 54-154.  Given the breadth of the government's allegations, even the most targeted of searches in this massive database will result in significant materials to review.

While awaiting the government's massive production, the defense has been reviewing the government-curated set of documents already produced.  *See* Latcovich Decl. ¶ 10.  This discovery, which is a small subset of the full 4.4 million document data set, includes more than 20,000 documents.  *Id*.  The defense's review of these government-selected documents is ongoing.  *Id*.[2]  Our review of the documents selected by the government as supporting *its view of the case* covers only half of the picture; we need to review the 4.4 million document set so we can select the documents that support *the defense view of the case*.  The government has had more than four years to review the 4.4 million documents and select its curated set; we are asking for only seven months to select our own.[3]

### GOOD CAUSE EXISTS FOR A MARCH 2025 TRIAL DATE

A continuance of the trial to a date on or after March 17, 2025 is warranted.  This Court set a November 6, 2024 trial date when it was anticipated that defense counsel would be able to receive

---

[2]    The government also has produced specific documents based on follow up defense requests, with some documents yet to be produced.

[3]    Note that this seven months includes not only time sufficient for document searches and review, but also any follow up factual investigation and trial preparation.

and begin its review of the full universe of discovery in this matter by early May at the latest. This timeline would have provided defense counsel six months to review the 4.4 million document data set. While the parties have moved with all deliberate speed to produce and load the discovery, the government's original estimate has not panned out. As it currently stands, defense counsel will not have access to the significant volume of discovery the government has collected in this matter until approximately two months before trial is slated to begin. It is an impossible feat to meaningfully review this volume of material in such a short period of time, while at the same time preparing for trial. This is particularly true in light of the fact that the government intends to call at least twenty-five witnesses at trial. Each of these witnesses will require significant planning, with the aid of the documents not yet available. Accordingly, additional time is necessary to adequately prepare for trial.

## CONCLUSION

For the reasons set forth above, Mr. Paul respectfully requests that the Court continue the trial from November 6, 2024 to the first date available on or after March 17, 2025, and allow the parties to propose new interim deadlines based on whatever trial date the Court sets, including for motions and pretrial submissions.

Dated:  June 18, 2024                    Respectfully submitted,


                                         By: */s/ Tobin J. Romero*
                                         Tobin J. Romero (admitted *pro hac vice*)
                                         Simon A. Latcovich (admitted *pro hac vice*)
                                         Williams & Connolly LLP
                                         680 Maine Ave. SW
                                         Washington, DC 20024
                                         Phone (202) 434-5000
                                         Fax (202) 434-5600
                                         tromero@wc.com
                                         slatcovich@wc.com

                                         E. G. Morris
                                         SBN: 14477700
                                         Law Office of E. G. Morris
                                         505 W. 12th St. Ste. 206
                                         Austin, Texas 78701
                                         Phone (512) 478-0758
                                         Fax (877) 497-8347
                                         egm@egmlaw.com

                                         *Counsel for Natin Paul*

## CERTIFICATE OF CONFERENCE

The parties conferred regarding the issues presented by this motion via teleconference on June 12, 2024. The government's position is reflected on pages 1-2 of the motion.

*/s/ Tobin Romero*
Tobin Romero

## CERTIFICATE OF SERVICE

On June 18, 2024, I caused a copy of the foregoing pleading to be filed electronically with the Court using the Court's CM/ECF system, which will transmit a notice of electronic filing to all counsel of record in this action.

*/s/ Tobin Romero*
Tobin Romero
