UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NATIN PAUL | Case No. 23-cr-100-DAE |

**DECLARATION OF SIMON A. LATCOVICH**

I, Simon A. Latcovich, declare:

1. I am a partner at the law firm of Williams & Connolly LLP, and counsel to Defendant Nate Paul in this action. I make this declaration in support of Mr. Paul's Motion to Continue. I am familiar with the facts set forth herein and make the statements based on my personal knowledge.

2. On May 14, 2024, defense counsel received a hard drive from the government containing over two terabytes of encrypted data. Upon receipt, defense counsel promptly sent the hard drive to a document vendor for processing and loading onto a review platform.

3. The document vendor began processing the drive soon after receipt. Due to the volume of documents and other information contained on the drive—all of which was encrypted—the load process will take a significant amount of time. If it takes the defense the same amount of time to ingest the discovery as it took the government to copy it, the defense will not be able to begin its review until mid to late August.

4. Defense counsel requested that the document vendor take all reasonable steps to expedite processing and loading the data, including by loading subsets of data simultaneously and continuously across different time zones.

5. Based on the processing speed over the past three weeks, the entire production volume will not be available for review until mid to late August.

6. Based on past experience in reviewing voluminous electronic discovery, defense counsel will need at least seven months to search and review a subset of the dataset and prepare for trial.

7. As an example, if a defense attorney could review 45 documents an hour for 40 hours per week, it would take 47 defense attorneys to review all of the documents in this case in a single year.

8. Given this immense volume of information, defense counsel intends to use targeted searches to conduct our review. Those targeted searches cannot meaningfully occur until the entire production is loaded into the review database because the search terms must be run across the full universe of documents.

9. These searches will need to cover a wide swath of topics and information. Defense counsel understands that the government intends to offer evidence at trial about thirty-one different financial statements involving six different companies and five different investors.

10. Despite the delay in processing the government's May 2024 production, the defense has been reviewing the government-curated set of documents already produced. This discovery, which is a small subset of the full 4.4 million document data set, includes more than 20,000 documents. Defense counsel's review of this subset of documents is ongoing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 18, 2024

Simon A. Latcovich