United States District Court
Western District of Texas
Austin Division

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br><br>    v.<br><br>Natin Paul a/k/a Nate Paul,<br>    Defendant. | No. A-23-CR-100-DAE |

**Government's Response to Defendant's Motion for Continuance**

In response to Defendant's June 18, 2024 Motion for Continuance [doc. 88] ("the Motion"), which seeks a March 17, 2025 trial date, the government respectfully requests that the Court instead set the trial for January 6, 2025, with new pretrial deadlines to be proposed by the parties. The government does not oppose adjustments to the current schedule if they are necessary for Defendant's counsel to prepare for trial. But the government is intent on proceeding to trial as expeditiously as possible, and the government believes that a continuance until January 6, 2025 will afford counsel sufficient time to prepare.

Under the current Scheduling Order, Defendant's counsel must serve and file, by the close of business on September 18, 2024, "[a]n appropriate identification of each exhibit … (except those to be used for impeachment only), separately identifying those that the party expects to offer and those that the party may offer if the need arises." (Sched. Ord. [doc. 73] at 2.) That deadline is seven weeks before the current trial date of November 6, 2024.

The government recognizes the difficulty of meeting that deadline if, as counsel's discovery vendor predicts, counsel is unable to begin reviewing the database of evidence that the government has provided until mid-August or even late August. If the trial were set for January 6, 2025, however, and the deadline for Defendant's counsel to identify trial exhibits were eight weeks before that trial date, on November 11, 2024, Defendant's counsel could conduct the targeted database searches mentioned in the Motion during the months of September and

October before identifying trial exhibits in the second week of November. (Motion [doc. 88] at 3-4.) The government respectfully contends that two months would be sufficient time for the targeted searches that Defendant's counsel intends to perform, and therefore delaying the trial until mid-March is not necessary.

If the Court determines that a January 6, 2025 trial date will afford Defendant's counsel sufficient opportunity to prepare for trial, the government asks that jury selection before the United States Magistrate Judge be set for January 3, 2025, and that the parties be permitted to submit a new proposed Scheduling Order with all necessary pretrial deadlines.

    Respectfully submitted,

    JAIME ESPARZA
    United States Attorney

By:   */s Alan M. Buie*
    Alan M. Buie
    Assistant United States Attorney
    Texas Bar No. 783751
    903 San Jacinto Blvd., Suite 334
    Austin, Texas 78701
    Tel: 512.916.5858
    Fax: 512.916.5854
    alan.buie@usdoj.gov

**Certificate of Service**

On June 24, 2024, I filed the foregoing, and caused a copy to be served on the Defendants' counsel of record, via the Court's Electronic Case File system.

    */s Alan M. Buie*
    Alan M. Buie
    Assistant United States Attorney