# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NATIN PAUL | Case No. 23-cr-100-DAE |

# DEFENDANT NATIN PAUL'S MOTION TO DISMISS FOR FAILURE TO ALLEGE ESSENTIAL ELEMENT AND MEMORANDUM OF LEGAL AUTHORITY IN SUPPORT

**TABLE OF CONTENTS**

MEMORANDUM OF LEGAL AUTHORITY ................................................................................1

ARGUMENT ...................................................................................................................................1

I.    An Indictment Must Allege All Elements Of The Offense. .................................................1

II.    The Superseding Indictment Fails To Allege That Mr. Paul Acted Willfully, An Essential Element Of The Charged Offenses .......................................................................3

      A.    Count 1 ................................................................................................................3

      B.    Counts 2-4 ...........................................................................................................4

      C.    Counts 5-12 .........................................................................................................5

CONCLUSION .................................................................................................................................7

# TABLE OF AUTHORITIES

## CASES

*United States v. Abbas*, 100 F.4th 267 (1st Cir. 2024).................................................................4

*United States v. Bishop,* 264 F.3d 535 (5th Cir. 2001) ................................................................1

*United States v. Bryant*, 854 F. App'x 572 (5th Cir. 2021) .........................................................3

*United States v. Burfoot*, 899 F.3d 326 (4th Cir. 2018)...............................................................3

*United States v. Cabrera-Teran*, 168 F.3d 141 (5th Cir. 1999 ....................................................2

*United States v. Caldwell*, 295 F. App'x. 689 (5th Cir. 2008).....................................................5

*United States v. Copeland*, 2021 WL 6102489 (5th Cir. Dec. 23, 2021) ....................................3

*United States v. Cunningham*, 679 F.3d 355 (6th Cir. 2012).......................................................3

*United States v. Fischetti,* 450 F.2d 34 (5th Cir. 1971) ................................................................2

*United States v. Fontenot*, 665 F.3d 640 (5th Cir. 2011).............................................................5

*United States v. Henry*, 288 F.3d 657 (5th Cir. 2002) .................................................................1

*United States v. Hooker*, 841 F.2d 1225 (4th Cir. 1988) .............................................................2

*United States v. Ismoila*, 100 F.3d 380 (5th Cir. 1996) ...............................................................4

*United States v. Kuhrt*, 788 F.3d 403 (5th Cir. 2015)..................................................................3

*United States v. Maddiwar*, 809 F. App'x 49 (2d Cir. 2020) ......................................................3

*United States v. Maxwell*, 579 F.3d 1282 (11th Cir. 2009) .........................................................3

*United States v. Mekjian*, 505 F.2d 1320 (5th Cir. 1975) ............................................................2

*United States v. Ortiz-Loya*, 777 F.2d 973 (5th Cir.1985)...........................................................5

*United States v. Outler*, 659 F.2d 1306 (5th Cir. 1981)...............................................................2

*United States v. Sandlin*, 589 F.3d 749 (5th Cir. 2009)............................................................5, 6

*United States v. Tanner*, 942 F.3d 60 (2d Cir. 2019)...................................................................4

*United States v. Tum*, 707 F.3d 68 (1st Cir. 2013).......................................................................4

*United States v. Turner*, 674 F.3d 420 (5th Cir. 2012) ................................................................5

*United States v. Wilson*, 884 F.2d 174 (5th Cir. 1989) ...................................................................1

*Walker v. United States*, 342 F.2d 22 (5th Cir. 1965)...................................................................2

## STATUTES & RULES

18 U.S.C. § 2............................................................................................................................5

18 U.S.C. § 1014..................................................................................................................1, 5, 6

18 U.S.C. § 1343..................................................................................................................1, 4

18 U.S.C. § 1349..................................................................................................................1, 3

Fed R. Crim. P. 12 ....................................................................................................................1

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, Nate Paul respectfully moves to dismiss the Superseding Indictment for failure to allege the essential element of willfulness across all charges. The grounds for this Motion are set forth below in the incorporated Memorandum of Legal Authority.

### MEMORANDUM OF LEGAL AUTHORITY

The Indictment Clause of the Fifth Amendment and the Notice Clause of the Sixth Amendment require that an indictment allege every element of the offense charged. The Superseding Indictment purports to charge Mr. Paul with conspiracy to commit wire fraud, 18 U.S.C. §§ 1343, 1349 (Count 1); wire fraud and aiding and abetting wire fraud, 18 U.S.C. §§ 1343 and 2 (Counts 2-4); and false statements to lenders, 18 U.S.C. § 1014 (Counts 5-12). *See* Superseding Indictment ("SI") ¶¶ 8-154. A willful mental state is an essential element of each charged offense, but these Counts fail to allege that Mr. Paul acted "willfully." Accordingly, the Court should dismiss the Superseding Indictment for failure to state an offense.

### ARGUMENT

**I.     An Indictment Must Allege All Elements Of The Offense.**

To withstand a motion to dismiss, an indictment must "set forth each essential element of an offense." *United States v. Wilson*, 884 F.2d 174, 179 (5th Cir. 1989); *see also United States v. Henry*, 288 F.3d 657, 660 (5th Cir. 2002) ("To be sufficient, an indictment must allege each material element of the offense; if it does not, it fails to charge that offense." (citation omitted)). "This requirement stems directly from one of the central purposes of an indictment: to ensure that the grand jury finds probable cause that the defendant has committed each element of the offense, hence justifying a trial, as required by the Fifth Amendment." *Henry*, 288 F.3d at 660 (citation omitted); *see also United States v. Bishop,* 264 F.3d 535, 545 (5th Cir. 2001) ("An indictment must allege each element of the charged offense, in order to insure that the grand jury finds probable

cause that the defendant committed each element, to prevent double jeopardy, and to provide notice to the accused."); *United States v. Cabrera-Teran*, 168 F.3d 141, 146 (5th Cir. 1999) ("To guarantee the right to be tried only after indictment, the grand jury must consider and find evidence supporting all of the crime's elements . . . . Requiring that all of the elements, rather than mere statutory citations, appear on the face of the indictment helps to ensure that the grand jury has done this."), *abrogated on other grds. by Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Outler*, 659 F.2d 1306, 1310 (5th Cir. 1981) (similar).

An indictment must allege each essential element of the charged offense "in haec verba or by words of similar import." *United States v. Mekjian*, 505 F.2d 1320, 1324 (5th Cir. 1975); *see also Walker v. United States*, 342 F.2d 22, 26–27 (5th Cir. 1965) ("essential elements of a crime cannot be implied in an indictment"). "The similar import doctrine advances the policy, reflected in F.R.Cr.P. 7(c), against fine-combing indictments for technical errors. But the words of similar import must be clear enough to insure that the indictment meets the purposes it is intended to serve." *Mekjian*, 505 F.2d at 1324; *see also United States v. Fischetti,* 450 F.2d 34, 39 (5th Cir. 1971) (stating that an "essential element cannot be implied" in the indictment but must instead be explicitly alleged).

An indictment that fails to allege all elements of the charged offense must be dismissed. *See, e.g.*, *Mekjian*, 505 F.2d at 1325 ("Where an essential element is omitted, a trial court's instructions to the jury on the necessity of finding the missing element will not cure the error."); *United States v. Hooker*, 841 F.2d 1225, 1232 (4th Cir. 1988) (en banc) ("Because the missing element in the present case was essential, its complete absence from Count III is a fatal defect.").

**II.     The Superseding Indictment Fails To Allege That Mr. Paul Acted Willfully, An Essential Element Of The Charged Offenses.**

The Superseding Indictment purports to charge Mr. Paul with, among other things, conspiracy to commit wire fraud, wire fraud, and making false statements to lending institutions. Willfulness is an essential element of each of these offenses, but these Counts fail to allege that Mr. Paul acted "willfully."

**A.     Count 1**

Count 1 purports to charge Mr. Paul with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Willfulness is an essential element of this offense: "To prove conspiracy to commit wire fraud, the Government must prove that: (1) two or more persons made an agreement to commit wire fraud; (2) 'the defendant knew the unlawful purpose of the agreement'; and (3) 'the defendant joined in the agreement *willfully*, that is, with the intent to further the unlawful purpose.'" *United States v. Bryant*, 854 F. App'x 572, 573 (5th Cir. 2021) (quoting *United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012)) (emphasis added); *United States v. Kuhrt*, 788 F.3d 403, 414 (5th Cir. 2015) (same); *United States v. Copeland*, 2021 WL 6102489, at *1 (5th Cir. Dec. 23, 2021) (same).[1]

---

[1]     Other circuits agree with the Fifth Circuit. *See, e.g., United States v. Maddiwar*, 809 F. App'x 49, 50 (2d Cir. 2020) (affirming convictions for section 1349 conspiracy to commit wire fraud and bank fraud because evidence of the defendant's "knowing and *willful* participation in the conspiracy was sufficient" (emphasis added)); *United States v. Burfoot*, 899 F.3d 326, 335 (4th Cir. 2018) ("Conspiracy to commit wire fraud under 18 U.S.C. § 1349 requires a jury to find that (1) two or more persons agreed to commit wire fraud and (2) the defendant *willfully* joined the conspiracy with the intent to further its unlawful purpose." (emphasis added)); *United States v. Cunningham*, 679 F.3d 355, 373 (6th Cir. 2012) ("To secure a conviction for conspiracy to commit wire fraud, the government must prove beyond a reasonable doubt that the defendant knowingly and *willfully* joined in an agreement with at least one other person to commit an act of wire fraud and that there was at least one overt act in furtherance of the agreement." (emphasis added) (cleaned up)); *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009) ("To sustain the related conspiracy convictions the Government was required to prove that Maxwell knew of and *willfully* joined in the unlawful scheme to defraud . . . ." (emphasis added)).

3

Count 1 fails to allege that Mr. Paul acted "willfully." It alleges only that he "knowingly and with intent to defraud conspired and agreed with persons . . . to commit the offense of wire fraud." SI ¶ 25. Accordingly, Count 1 must be dismissed for failure to allege an essential element.

### B.     Counts 2-4

Counts 2-4 purport to charge Mr. Paul with wire fraud and aiding and abetting wire fraud in violation of 18 U.S.C. §§ 1343 and 2. However, Counts 2-4 fail to allege that Mr. Paul acted "willfully." They allege only that he acted "knowingly and with intent to defraud." *E.g.*, SI ¶¶ 40, 44, 52. Thus, Mr. Paul has not been properly charged with either wire fraud or aiding and abetting wire fraud.

*Wire Fraud.* The Fifth Circuit has held that willfulness is not an element of wire fraud. *United States v. Ismoila*, 100 F.3d 380, 399 (5th Cir. 1996) (finding that, unlike 18 U.S.C. § 1001, wire fraud does not require "a mens rea of both knowingly and willfully"). However, while Mr. Paul understands that this Court is bound by Fifth Circuit precedent, he respectfully posits that the Fifth Circuit's standard is incorrect. At least two other circuits have more recently stated that willfulness *is* an element of wire fraud. *See, e.g.*, *United States v. Abbas*, 100 F.4th 267, 281 (1st Cir. 2024) ("There is no requirement under § 1343 that a defendant know the actual identities of the victims of the fraudulent scheme for there to be sufficient evidence that the defendant knowingly and *willfully* participated in perpetrating the scheme." (emphasis added)); *United States v. Tum*, 707 F.3d 68, 72 (1st Cir. 2013) ("To prove wire fraud, the government had to show beyond a reasonable doubt his knowing and *willful* participation in a scheme to defraud and the use of interstate wires to further that scheme." (emphasis added)); *United States v. Tanner*, 942 F.3d 60, 66 (2d Cir. 2019) (holding that the district court correctly instructed on the *mens rea* required for a conviction of honest services wire fraud when it required the jury to find that the "defendant participated in the scheme knowingly, *willfully*, and with specific intent to defraud" (emphasis

4

added)). Accordingly, Mr. Paul maintains that Counts 2-4 must be dismissed for failure to allege an essential element of the substantive wire fraud charge, and preserves this argument.

***Aiding and Abetting Wire Fraud.*** Aiding and abetting requires the government to prove the essential element of willfulness. *See United States v. Ortiz-Loya*, 777 F.2d 973, 980 (5th Cir.1985) ("A conviction for aiding and abetting under 18 U.S.C. § 2(a) requires the government to establish that the defendant ***wilfully*** [sic] associated himself in some way with the criminal venture and ***wilfully*** [sic] participated in it as he would in something he wished to bring about." (emphasis added)); *United States v. Caldwell*, 295 F. App'x. 689, 694 (5th Cir. 2008) (same); 18 U.S.C. § 2(b) (making it unlawful to "***willfully*** cause[] an act to be done which if directly performed by him or another would be an offense against the United States" (emphasis added)). Although it is well-settled that aiding and abetting is implicitly alleged in every indictment, *see, e.g.*, *United States v. Turner*, 674 F.3d 420, 442 (5th Cir. 2012), the only way to ensure that a grand jury found probable cause, as required by the Indictment Clause of the Fifth Amendment, is to require that the indictment allege all elements of aiding and abetting, including willfulness. Each charge of aiding and abetting should be dismissed for failure to do so.

### C.     Counts 5-12

Counts 5-12 purport to charge Mr. Paul with violations of 18 U.S.C. § 1014. The "elements of guilt under Section 1014 are these: (1) the defendant knowingly and ***willfully*** made a false statement to the bank, (2) the defendant knew that the statement was false when he made it, (3) the defendant made the false statement for the purpose of influencing the bank to extend credit, and (4) the bank to which the false statement was made was federally insured." *United States v. Sandlin*, 589 F.3d 749, 753 (5th Cir. 2009) (citing *United States v. Devoll*, 39 F.3d 575, 578 (5th Cir.1994)) (emphasis added); *United States v. Fontenot*, 665 F.3d 640, 645 (5th Cir. 2011) (quoting same elements in case alleging understating of debts).

Counts 5-12 fail to allege that Mr. Paul acted "willfully." Each of these Counts allege only that Mr. Paul acted "knowingly." SI ¶¶ 77, 85, 92, 114, 126, 136, 144. Accordingly, these Counts must be dismissed for failure to allege an essential element.

We acknowledge that the nonbinding Fifth Circuit Pattern Jury Instructions suggest that *Sandlin* mistakenly "condensed the scienter requirement of [§ 1014] to 'knowingly and willfully,' though the language of the statute separates these two intent requirements, with 'knowingly' modifying the action of [1] making a 'false statement or report,' while 'willfully' modifies the action of [2] overvaluing "any land, property or security.'" Pattern Crim. Jury Instr. 5th Cir. 2.47 (2019). *Sandlin*, however, was prosecuted on a false statement or report theory as opposed to an overvaluing property theory, and the Fifth Circuit's articulation of the applicable *mens rea* was essential to its analysis of the sufficiency of the evidence. *See* 589 F.3d at 754 ("[T]he jury in this case found that Sandlin's actions evinced a knowing and willful state of mind. We will not disturb that finding."). *Sandlin*'s statement of the "willfully" *mens rea* accordingly is binding. In any event, even if *Sandlin* were not the law of this circuit, Counts 5-9, 11 and 12, though parroting the "false statement or report" language of § 1014, each allege that Mr. Paul overvalued his property. *See* SI ¶¶ 82 (allegedly overstated cash), 88-89 (allegedly understated liabilities in statement of financial condition), 92 (allegedly overstated account value), 104 (same), 117-22 (allegedly overstated cash and understated liabilities in statement of financial condition), 139-40 (allegedly understated liabilities in statement of financial condition), 144 (allegedly overstated account value).[2] By its very language, 18 U.S.C. § 1014 requires that the government plead willfulness in an overvaluation charge.

---

[2] Count 10, by contrast, purports to charge Mr. Paul with misstating his ownership interest in a limited liability company. SI ¶ 126.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Superseding Indictment for failure to allege the essential element of willfulness.

Dated:  October 9, 2024                                  Respectfully submitted,


                                                         By: */s/ Tobin J. Romero*
                                                         Tobin J. Romero (admitted *pro hac vice*)
                                                         Simon A. Latcovich (admitted *pro hac vice*)
                                                         Patrick J. Looby (admitted *pro hac vice*)
                                                         Allison S. Eisen (admitted *pro hac vice*)
                                                         Williams & Connolly LLP
                                                         680 Maine Ave. SW
                                                         Washington, DC 20024
                                                         Phone (202) 434-5000
                                                         Fax (202) 434-5029
                                                         tromero@wc.com
                                                         slatcovich@wc.com
                                                         plooby@wc.com
                                                         aeisen@wc.com

                                                         E. G. Morris
                                                         SBN: 14477700
                                                         Law Office of E. G. Morris
                                                         505 W. 12th St. Ste. 206
                                                         Austin, Texas 78701
                                                         Phone (512) 478-0758
                                                         Fax (877) 497-8347
                                                         egm@egmlaw.com

                                                         *Counsel for Natin Paul*

## CERTIFICATE OF CONFERENCE

The parties conferred regarding the issues presented by this motion via teleconference on October 4, 2024. The government opposes Defendant's motion.

<i>/s/ Simon A. Latcovich</i><br>
Simon A. Latcovich

## CERTIFICATE OF SERVICE

On October 9, 2024, I caused a copy of the foregoing pleading to be filed electronically with the Court using the Court's CM/ECF system, which will transmit a notice of electronic filing to all counsel of record in this action.

*/s/ Tobin J. Romero*
Tobin J. Romero
