UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA

v.

NATIN PAUL

Case No. 23-cr-100-DAE

**DEFENDANT NATIN PAUL'S MOTION TO SEVER AND
MEMORANDUM OF LEGAL AUTHORITY IN SUPPORT**

**TABLE OF CONTENTS**

MEMORANDUM OF LEGAL AUTHORITY ................................................................................1

THE INDICTMENTS ....................................................................................................................1

ARGUMENT ..................................................................................................................................3

I.     Counts 1-4 Should Be Severed From Counts 5-12 Because Joinder Is Improper Under Rule 8(b). ..................................................................................................3

II.    Counts 1-4 Should Be Severed From Counts 5-12 Under Rule 14 Because Joinder Would Prejudice Mr. Paul ..................................................................................7

CONCLUSION ...............................................................................................................................9

## TABLE OF AUTHORITIES

### CASES

*United States v. Alexander*, 2008 WL 2130179 (W.D. La. May 17, 2008)......................5

*United States v. Beard*, 2022 WL 1321550 (N.D. Tex. May 3, 2022) .............................9

*United States v. Brown*, 327 F.3d 867 (9th Cir. 2003)......................................................8

*United States v. Faulkner*, 17 F.3d 745 (5th Cir. 1994)....................................................3

*United States v. Holloway*, 1 F.3d 307 (5th Cir. 1993).....................................................4

*United States v. Huffine*, 2002 WL 1423291 (E.D. La. June 26, 2002).......................3, 6

*United States v. Impastato*, 2007 WL 2463310 (E.D. La. Aug. 28, 2007) .......................3

*United States v. Krenning*, 93 F.3d 1257 (5th Cir. 1996) .................................................7

*United States v. Mays*, 466 F.3d 335 (5th Cir. 2006).......................................................4

*United States v. Mildon*, 2013 WL 2404080 (W.D. Tex. May 31, 2013).....................3, 4

*United States v. Mitchell*, 2013 WL 5377869 (N.D. Tex. Sept. 26, 2013).......................9

*United States v. Osuagwu*, 2018 WL 1014176 (N.D. Tex. Feb. 22, 2018) ..................3, 5

*United States v. Randazzo*, 80 F.3d 623 (1st Cir. 1996) ..................................................6

*United States v. Rodriguez*, 553 F.3d 380 (5th Cir. 2008)...............................................8

*United States v. Singh*, 261 F.3d 530 (5th Cir. 2001) ......................................................3

### STATUTES & RULES

18 U.S.C. § 1014.................................................................................................................2

18 U.S.C. § 1343.................................................................................................................2

18 U.S.C. § 1349.................................................................................................................2

Fed. R. of Crim. P. 8(a).............................................................................................. *passim*

Fed. R. of Crim. P. 14 ................................................................................................1, 7, 9

Fed. R. of Evid. 404(b) .......................................................................................................8

Pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure, Nate Paul respectfully moves to sever Counts 1-4 of the Superseding Indictment from Counts 5-12. The grounds for this Motion are set forth below in the incorporated Memorandum of Legal Authority.

## MEMORANDUM OF LEGAL AUTHORITY

Under Rule 8(a) of the Federal Rules of Criminal Procedure, joinder of counts is permissible only if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Counts 1-4 of the Superseding Indictment (the "Investor Counts") allege that Mr. Paul committed wire fraud against private investors in his limited partnerships. By contrast, Counts 5-12 of the Superseding Indictment (the "Lender Counts") allege that Mr. Paul made a series of unrelated false representations to lending institutions to secure loans. Because the Investor Counts and the Lender Counts are not of a similar character, nor part of the same transaction, nor part of a common scheme, joinder is improper and the counts should be severed.

Even if this Court were to find that the counts were properly joined under Rule 8(a), they should nevertheless be severed pursuant to Rule 14 of the Federal Rules of Criminal Procedure, which provides for severance "[i]f the joinder of offenses . . . appears to prejudice a defendant[.]" Fed. R. Crim. P. 14. Evidence pertaining to the Investor Counts would not be admissible against Mr. Paul in a trial limited to the Lender Counts, and vice versa. Unless these counts are severed, Mr. Paul will inevitably suffer undue prejudice.

## THE INDICTMENTS

The government filed its original Indictment against Mr. Paul on June 6, 2023, alleging only that he made a series of false representations to lending institutions and charging him only with the Lender Counts. *See* ECF 1. On November 7, 2023, the government filed a Superseding

Indictment, adding the four Investor Counts. *See* ECF 36. The Superseding Indictment is divided into two separate and distinct parts, each with its own set of separate and distinct alleged facts.

First, the Investor Counts purport to charge Mr. Paul with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343, 1349, and three counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2. The Investor Counts are self-contained in ¶¶ 8-53 of the Superseding Indictment, in a section entitled "Fraud Against Limited Partners." In this portion of the Superseding Indictment, the government alleges that Mr. Paul devised a scheme to obtain investments from limited partners through false representations regarding the use of partnership funds to finance other companies owned and controlled by Mr. Paul in contravention of the partnership agreements. Superseding Indictment ("SI") ¶¶ 25-26. The alleged misrepresentations to investors took place between 2011 and 2013. *Id.* ¶ 8. The Superseding Indictment identifies five relevant partnerships: WC Thousand Oaks Center, LP; WC 6th and Rio Grande, LP; WC 4th and Rio Grande, LP; WC Metropolitan Northtown, LP; and WC Huron Denver, LP. *Id.* ¶ 9.

Second, the Lender Counts, by distinct contrast, purport to charge Mr. Paul with eight counts of making false statements to lending institutions in violation of 18 U.S.C. § 1014. The Lender Counts are self-contained in ¶¶ 54-154 of the Superseding Indictment in a section entitled "False Statements to Lenders," and do not refer back to or incorporate the allegations in ¶¶ 8-53 pertaining to the Investor Counts. In this portion of the Superseding Indictment, the government alleges that, from March 2017 through April 2018, Mr. Paul "made a number of false statements and reports for the purpose of influencing financial institutions" to make loans to various companies. SI ¶ 55. The Superseding Indictment identifies seven companies that received the at-issue loans, none of which overlap with the limited partnerships referenced in the Investor Counts: WC 707 Cesar Chavez, LLC (*id.* ¶ 78); WC Custer Creek Center Property, LLC (*id.* ¶ 78); WC 56

East Avenue LLC (*id.* ¶¶ 86, 94); WC South Congress Square, LLC (*id.* ¶ 106); Silicon Hills Campus, LLC (*id.* ¶ 115); WC Alamo Industrial Center, LP (*id.* ¶ 137); and WC Met Center, LLC (*id.* ¶ 146).

## ARGUMENT

**I.   Counts 1-4 Should Be Severed From Counts 5-12 Because Joinder Is Improper Under Rule 8(b).**

Where, as here, a single indictment charges multiple counts, Federal Rule of Criminal Procedure 8(a) provides the applicable standard for determining whether joinder is permissible. Under Rule 8(a), an indictment may charge a defendant in separate counts of a single indictment only if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Severance is appropriate where the "indictment provides no nexus between" the charged offenses. *United States v. Mildon*, 2013 WL 2404080, at *4 (W.D. Tex. May 31, 2013) (severing firearms charge because the "indictment contain[ed] no explanation of how [defendant's] alleged possession of a firearm and his alleged making of a threat [were] of similar character, part of the same transaction, or part of a common plan").

Because Rule 8 is a pleading requirement, a court generally must look to the face of the indictment to determine if joinder is proper. *See United States v. Faulkner*, 17 F.3d 745, 758 (5th Cir. 1994). Courts pay particular attention to "commonality between the defendant's underlying acts," *United States v. Huffine*, 2002 WL 1423291, at *2 (E.D. La. June 26, 2002); the proximity in time between the counts, *United States v. Impastato*, 2007 WL 2463310, at *8 (E.D. La. Aug. 28, 2007); and the "relatedness of the facts underlying each offense," such that there would be overlapping evidence presented at trial, *United States v. Osuagwu*, 2018 WL 1014176, at *2 (N.D. Tex. Feb. 22, 2018). Where the "alleged link" between the charges is "tenuous," severance is

3

required. *United States v. Singh*, 261 F.3d 530, 533 (5th Cir. 2001) (holding that district court abused discretion by declining to sever gun charge where there was no evidence of "any connection" to the "unrelated" harboring count); *see also United States v. Mays*, 466 F.3d 335, 340 (5th Cir. 2006) ("[W]e have found abuse where that nexus was lacking."); *United States v. Holloway*, 1 F.3d 307, 310 (5th Cir. 1993) (holding that district court abused discretion by failing to sever firearms count from robbery count).

As the government has recognized, the "Superseding Indictment introduced a new prosecution theory involving different witnesses and different evidence." ECF 58 at 3. On this point, the parties agree: the addition of the Lender Counts in the Superseding Indictment introduced a new and unrelated theory of alleged criminal conduct based on distinct factual allegations. The Lender Counts and the Investor Counts thus do not satisfy any of the commonalities required by Rule 8(a).

*First*, the counts do not involve "the same act or transaction." Fed. R. Crim. P. 8(a). "Two or more offenses are based on the same act or transaction when there is a series of occurrences 'depending not so much upon the immediateness of their connection as upon their logical relationship.'" *Mildon*, 2013 WL 2404080, at *2 (quoting *United States v. Park*, 531 F.2d 754, 760–61 (5th Cir. 1976)). Here, there is no plausible argument that the Investor Counts and the Lender Counts are part of the same transaction. The alleged underlying acts took place many years apart, involved different counterparties (investors and lenders), and related to entirely different companies. Indeed, none of the loans at issue in the Lender Counts financed properties identified in the Investor Counts. Nor are the Lender Counts and Investor Counts "logically related to a common objective." *Id.* (citing *United States v. Butler*, 429 F.3d 140, 147 (5th Cir. 2005)). The government has alleged a common conspiracy with respect to the Investor Counts, *see* SI ¶¶ 24-

38, but has made no allegation that the Lender Counts were part of this same "series of acts." There is simply no contention in the Superseding Indictment that the alleged wire fraud against investors was in any way related to the alleged false statements made to lending institutions, nor that the two alleged categories of harm were related to a common objective.

**Second**, the Investor Counts and the Lender Counts are not of the "same or similar character." The Fifth Circuit "has found that crimes are of the same or similar character when counts charge violations of the same criminal statute, and further, that under such circumstances, a logical relationship between the counts exists." *United States v. Alexander*, 2008 WL 2130179, at *3 (W.D. La. May 17, 2008) (citing *United States v. Duarte*, 52 F.3d 1067 (5th Cir. 1995)). As a rule of thumb, "when the facts underlying each offense are closely connected so that evidence of the same facts is necessary to establish each offense, joinder is most likely proper. When there is no substantial identity of facts between the two offenses, then joinder is improper." *Osuagwu*, 2018 WL 1014176 at *2.

The Superseding Indictment fails to establish any commonality between the counts. The Investor Counts and the Lender Counts do not charge the same offenses. The Investor Counts purport to charge Mr. Paul with violations of 18 U.S.C. §§ 1343, 1349 and 2, whereas the Lender Counts purport to charge him with violations of 18 U.S.C. § 1014. While this fact, alone, does not render joinder improper, it must be considered in light of the fact that the charged conduct would require the government to present separate and distinct evidence for the Investor Counts and the Lender Counts. The alleged offending conduct took place in two entirely different periods of time: the alleged misstatements to investors took place between 2011 and 2013, whereas the alleged misstatements to lenders took place between 2017 and 2018. That Mr. Paul is alleged to have caused the transmission of wires to investors in 2017 and 2018 is insufficient to overcome this

obvious temporal disconnect.  The Investor Counts and the Lender Counts also involve separate companies: the Investor Counts pertain to five distinct limited partnerships, whereas the Lender Counts pertain to six limited liability companies and one, separate, limited partnership.  There is "no substantial identity of facts" between the Investor Counts and the Lender Counts.

The government may attempt to claim that the overarching commonality between the Investor Counts and the Lender Counts was Mr. Paul's purported motivation to secure money for his companies.  But the fact that a defendant may have had a similar motive underlying different offenses is insufficient to establish commonality.  *See, e.g.*, *United States v. Huffine*, 2002 WL 1423291, at *2 (E.D. La. June 26, 2002) (severing mail fraud and tax charges).  "To accept that definition and describe the offenses charged in this indictment as similar is to generalize the term 'similar' in such a manner as to render it and Rule 8(a) void of any real content." *Id.* (citing *United States v. Randazzo*, 80 F.3d 623, 627-28 (1st Cir. 1996) (holding that false statements in the mislabeling of shrimp for commercial sale were not similar in nature to false statements made on corporate tax returns during the same time period, even though the motive was to profit personally)).  Nor does the requisite commonality exist because both the Lender Counts and the Investor Counts allegedly "involved the use of falsehoods or omissions[.]" *Randazzo*, 80 F.3d at 627.  To claim similarity based on this "level of generality" would "drain the term of any real content." *Id.*

The Court need look no further than the face of the Superseding Indictment to see that the Investor Counts and Lender Counts are improperly joined.  The text and structure of the Superseding Indictment make clear that the two categories of counts are based on distinct underlying facts, and will require the presentation of separate and distinct evidence.  It is telling

6

that the government did not incorporate the facts set forth in the supporting paragraphs for the Investor Counts into its charges on the Lender Counts.

Notably, the government has conceded that there will be little, if any, overlap in the presentation of evidence as between the Lender Counts and the Investor Counts. Before superseding the original Indictment, the government was anticipating calling "a dozen witnesses" and presenting "maybe 15 hours of direct exam[ination]." *See* ECF 61 at 13:9-10. But, as the government told the Court, the "***additional scheme***" that the government introduced in the Investor Counts doubled the government's projected trial time; it now anticipates calling "two dozen witnesses roughly in the government's case in chief and more like 25, 26 hours of direct exam." *Id.* at 13:11-15 (emphasis added). There thus is no colorable argument that the government would call the same witnesses or present the same evidence at a trial solely on the Lender Counts as it would at a trial solely on the Investor Counts. Rule 8(a) does not permit the government to group two distinct sets of allegations and try them together, particularly where, as here, the evidence is distinct. Severance is required.

**II.     Counts 1-4 Should Be Severed From Counts 5-12 Under Rule 14 Because Joinder Would Prejudice Mr. Paul.**

Even if the Court were to find that the Investor Counts and the Lender Counts met the standard for joinder under Rule 8(a)—and they do not—severance would still be justified under Rule 14. Rule 14 provides the Court with broad discretion to sever offenses "[i]f joinder of offenses . . . appears to prejudice" the defendant. Fed. R. Crim. P. 14. Relief is appropriate where a defendant can demonstrate "specific and compelling prejudice." *United States v. Krenning*, 93 F.3d 1257, 1267 (5th Cir. 1996). Such prejudice arises when there is a risk that the jury will be prevented "from making a reliable judgment about guilt or innocence." *United States v. Rodriguez*, 553 F.3d 380, 394 (5th Cir. 2008).

7

Severance is warranted under these standards. The Investor Counts are wholly distinct from the Lender Counts. Absent joinder, evidence related to the Investor Counts would not be admissible in a trial of Mr. Paul. The charges are distinct, there is no alleged overarching conspiracy, the alleged wrongdoing took place over different periods of time and related to different companies, and there is no commonality between the underlying purported misconduct. A joint trial on the two sets of charges will unfairly suggest to the jury that if Mr. Paul engaged in wrongdoing on one set of charges, he must have done so on the other set as well. *See United States v. Brown*, 327 F.3d 867, 871 (9th Cir. 2003) (reversing conviction based on improper admission of propensity evidence where counsel stated: "if a man is willing to cheat a little bit over here, wouldn't he be willing to cheat just a little bit over here?"). The government even articulates that unfair suggestion in the introductory paragraphs of the Superseding Indictment, characterizing both sets of charges as a pattern of "deception." SI ¶ 5.

While the Court could give limiting instructions regarding each piece of evidence concerning each count, "some evidence is so powerful that even the best worded and most well-intentioned jury instruction cannot eliminate the undue prejudicial effect." *United States v. Mitchell*, 2013 WL 5377869, at *5 (N.D. Tex. Sept. 26, 2013). Here, there is serious doubt that "even a properly instructed jury is capable of hearing evidence" pertaining to one purported financial crime and not surmise that Mr. Paul may have a propensity for such conduct. *United States v. Beard*, 2022 WL 1321550, at *4 (N.D. Tex. May 3, 2022).

A joint trial of the Investor Counts and the Lender Counts will jeopardize Mr. Paul's rights to a fair trial and presumption of innocence, as well as the jury's ability to reach a reliable conclusion as to his liability. Joinder, at the very least, plainly "appears to prejudice" Mr. Paul. Fed. R. Crim. P. 14(a). Accordingly, severance is warranted.

## CONCLUSION

For the reasons set forth above, Mr. Paul respectfully requests that the Court enter an order severing Counts 1-4 from Counts 5-12 of the Superseding Indictment.

Dated:  October 9, 2024                                        Respectfully submitted,


By: */s/ Tobin J. Romero*
Tobin J. Romero (admitted *pro hac vice*)
Simon A. Latcovich (admitted *pro hac vice*)
Patrick J. Looby (admitted *pro hac vice*)
Allison S. Eisen (admitted *pro hac vice*)
Williams & Connolly LLP
680 Maine Ave. SW
Washington, DC 20024
Phone (202) 434-5000
Fax (202) 434-5029
tromero@wc.com
slatcovich@wc.com
plooby@wc.com
aeisen@wc.com

E. G. Morris
SBN: 14477700
Law Office of E. G. Morris
505 W. 12th St. Ste. 206
Austin, Texas 78701
Phone (512) 478-0758
Fax (877) 497-8347
egm@egmlaw.com

*Counsel for Natin Paul*

## CERTIFICATE OF CONFERENCE

The parties conferred regarding the issues presented by this motion via teleconference on October 4, 2024.  The government opposes Defendant's motion.

*/s/ Simon A. Latcovich*
Simon A. Latcovich

## CERTIFICATE OF SERVICE

On October 9, 2024, I caused a copy of the foregoing pleading to be filed electronically with the Court using the Court's CM/ECF system, which will transmit a notice of electronic filing to all counsel of record in this action.

*/s/ Tobin J. Romero*
Tobin J. Romero
