United States District Court
Western District of Texas
Austin Division

| | |
|---|---|
| United States of America,<br>     Plaintiff,<br><br>v.<br><br>Natin Paul a/k/a Nate Paul,<br>     Defendant. | No. A-23-CR-100-DAE |

## Government's Motion to Quash Subpoena for Testimony of Former Assistant United States Attorney Neeraj Gupta

The government respectfully requests an order quashing a subpoena *ad testificandum* directed to former Assistant United States Attorney Neeraj Gupta in connection with the October 30, 2024 hearing on the defendant's Motion to Suppress [doc. 98] ("the Motion").  Mr. Gupta's testimony would be cumulative of testimony that other witnesses are expected to provide at the hearing.  Also, because Mr. Gupta is located in the Washington, DC area, traveling to Austin, Texas for the October 30 hearing would be unusually and unreasonably burdensome for Mr. Gupta.  Accordingly, the government respectfully contends that the subpoena should be quashed.

### Background

The defendant's attorneys filed the Motion on September 13, 2024.  (Motion [doc. 98] at 34.)  The government responded to the Motion on October 7, 2024.  (Gov. Sealed Resp. in Op. to Mo. Supr. [doc. 107] at 49.)  A hearing is set for October 30, 2024 in Austin, Texas.  (*See* Order Setting Motion Hearing [doc. 100] at 1.)

On October 1, 2024, the defendant's attorneys emailed to the United States Attorney's Office in Austin a Subpoena to Testify at a Hearing or Trial in a Criminal Case, seeking Mr. Gupta's testimony.  (Ex. 1, Gupta Subpoena, at 1.)  The subpoena calls for testimony at 9:00 am on October 30, 2024, which is the date and time of the hearing on the Motion.  (Order Setting Motion Hearing [doc. 100] at 1.)  The government's undersigned attorney does not

know whether the subpoena has been served on Mr. Gupta. The defendant's attorneys served similar subpoenas for testimony on FBI Special Agent Kyle Fisher, retired FBI Special Agents Preston Joy and David Hall, and former FBI Task Force Member Rani Sabban. (Ex. 2, Subpoenas, at 1, 3, 5, 7.)[1]

On October 17, 2024, in connection with the government's application of its *Touhy* Regulations, the defendant's attorneys described the testimony they intend to elicit at the hearing on the Motion. (Ex. 3, Letter, at 1.) Counsel stated in a letter that they intend to elicit testimony regarding six topics:

> (i) the initiation of the government's investigation into Mr. Paul; (ii) the government's retention and use of [a particular] World Class employee … as a Confidential Human Source in its investigation of Mr. Paul; (iii) the government's seizure and subsequent warrant application for the hard drive provided by [the Information Technology Manager at World Class]; (iv) the government's application for search warrants for Mr. Paul's home and office; (v) the government's seizure of documents from Mr. Paul's home and office; (vi) the government's subsequent retention and review of the seized evidence.

(*Id.* at 1.)

Mr. Gupta began serving as an Assistant United States Attorney ("AUSA") in the Austin Division of the Western District of Texas in 2018. He worked on the Natin Paul investigation throughout 2019 and during roughly the first half of 2020. Mr. Gupta participated in the preparation of the search warrant applications that are at issue in the Motion. Mr. Gupta's involvement in the Natin Paul investigation concluded in mid-2020, substantially before evidence from the searches of the defendant's residence and offices were first released to members of the government's investigation team in May of 2021. Mr. Gupta is currently located in the Washington, DC area.

---

[1] The defendant's attorneys also served subpoenas for production of documents, but those subpoenas were subsequently withdrawn.

**Argument**

Rule 17(a) of the Federal Rules of Criminal Procedure authorizes the issuance of subpoenas "command[ing a] witness to attend and testify at the time and place the subpoena specifies." Fed. R. Crim. P. 17(a). "Although Rule 17(a) … does not provide explicitly for quashal or modification, courts routinely have entertained motions seeking such relief …." *Stern v. United States District Court*, 214 F.3d 4, 17 (1st Cir. 2000). "Rule 17(a) subpoenas may issue where a defendant seeks testimony that is relevant and material to the issue being litigated." *United States v. Bebris*, 4 F.4th 551, 559 (7th Cir. 2021); *see also Stern*, 214 F.3d at 17. "Where the sought testimony is cumulative or immaterial, a court does not abuse its discretion by quashing a Rule 17(a) subpoena." *Bebris*, 4 F.4th at 559; *cf. United States v. Beasley*, 479 F.2d 1124, 1128 (5th Cir. 1973) (upholding a district court's refusal to issue subpoenas on behalf of an indigent defendant under Rule 17(b) because the witnesses' testimony would have been "cumulative or immaterial").

The testimony that Mr. Gupta could give at the hearing on October 30 would be cumulative of testimony that other witnesses can reasonably be expected to provide. Mr. Gupta's involvement in the government's investigation, so far as it is relevant to the Motion, consisted mainly of his work on the search warrant applications that the Motion challenges. (Motion [doc. 98] at 17-24.) The Motion argues that the applications were defective because they contained false and misleading information and were tainted by the inclusion of illegally seized evidence. But the investigator whose affidavits supported the applications, former FBI Task Force Member Rani Sabban, has been subpoenaed and can testify about the search warrant applications. (Ex. 2 at 7-8.) Moreover, Mr. Gupta would have to travel to Austin, Texas from the Washington, DC area for the hearing, which would be unusually and unreasonably burdensome, particularly given the cumulative nature of his testimony.

## Conclusion

For the foregoing reasons, the subpoena *ad testificandum* to former AUSA Gupta should be quashed.

Respectfully submitted,

JAIME ESPARZA
United States Attorney

By:     */s Alan M. Buie*
Alan M. Buie
Assistant United States Attorney
Texas Bar No. 783751
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
Tel: 512.916.5858
Fax: 512.916.5854
alan.buie@usdoj.gov

## Certificate of Conference

I have conferred by telephone with the defendant's counsel of record, and they oppose the relief sought in the foregoing motion.

*/s Alan M. Buie*
Alan M. Buie
Assistant United States Attorney

## Certificate of Service

On October 22, 2024, I filed the foregoing, and caused a copy to be served on the defendant's counsel of record, via the Court's Electronic Case File system.

*/s Alan M. Buie*
Alan M. Buie
Assistant United States Attorney