UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NATIN PAUL | Case No. 23-cr-100-DAE |

**NATIN PAUL'S OPPOSITION TO GOVERNMENT'S
MOTION TO QUASH SUBPOENA FOR TESTIMONY OF
ASSISTANT UNITED STATES ATTORNEY KELLY STEPHENSON**

On October 1, 2024, defense counsel provided subpoenas to the government seeking the testimony of certain Assistant United States Attorneys and FBI agents at this Court's October 30 evidentiary hearing. Among those subpoenaed was AUSA Kelly Stephenson, who led "a Filter Team to review and screen information obtained during the investigation of Natin Paul for material protected by the attorney-client privilege or the attorney work product doctrine." Mot. to Quash at Ex. 1 ¶ 3. While AUSA Stephenson may not have been an AUSA "when search warrants were issued," Mot. to Quash at Ex. 1 ¶ 4, he was responsible for the isolation and review of a significant number of documents seized from Mr. Paul's offices and residence.

Despite recognizing that AUSA Stephenson played an important role in its investigation into Mr. Paul, the government now argues that his testimony would be "either immaterial or cumulative." Mot. to Quash at 4. The defense disagrees. First, the government emphasized the relevance of the Filter Team's review process in its Opposition to Mr. Paul's Motion to Suppress. *See* ECF 107 at 18-19 (explaining the Filter Team's role in reviewing privileged documents seized from Mr. Paul); *id.* at 46 (explaining the relevance of the Filter Team's review timeline to grand jury testimony). It cannot now claim that its own Filter Team process is not germane when the government itself put that process at issue in its brief. Second, as a member of the Filter Team, AUSA Stephenson has unique knowledge regarding the retention and review of a subset of Mr. Paul's documents that were isolated from the other government witnesses called to testify.

Therefore, Mr. Paul respectfully requests that the Court deny the motion to quash. It is possible, however, that the defense may ultimately not need AUSA Stephenson's testimony. Accordingly, defense counsel will confer with the government on October 29 regarding whether AUSA Stephenson's presence at the hearing will be necessary.

1

Dated:  October 23, 2024 Respectfully submitted,

By: */s/ Tobin J. Romero*
Tobin J. Romero (admitted *pro hac vice*)
Simon A. Latcovich (admitted *pro hac vice*)
Patrick J. Looby (admitted *pro hac vice*)
Allison S. Eisen (admitted *pro hac vice*)
Williams & Connolly LLP
680 Maine Ave. SW
Washington, DC 20024
Phone (202) 434-5000
Fax (202) 434-5600
tromero@wc.com
slatcovich@wc.com
plooby@wc.com
aeisen@wc.com

E. G. Morris
SBN: 14477700
Law Office of E. G. Morris
505 W. 12th St. Ste. 206
Austin, Texas 78701
Phone (512) 478-0758
Fax (877) 497-8347
egm@egmlaw.com

*Counsel for Natin Paul*

## CERTIFICATE OF SERVICE

On October 23, 2024, I caused a copy of the foregoing pleading to be filed electronically with the Court using the Court's CM/ECF system, which will transmit a notice of electronic filing to all counsel of record in this action.

<u>/s/ Tobin J. Romero</u><br>
Tobin J. Romero