United States District Court
Western District of Texas
Austin Division

United States of America,
    Plaintiff,

v.

Natin Paul a/k/a Nate Paul,
    Defendant.

No. A-23-CR-100-DAE

## Government's Motion to Quash Subpoena for Testimony of Assistant United States Attorney Alan Buie

The government respectfully requests an order quashing a subpoena *ad testificandum* directed to Assistant United States Attorney Alan Buie in connection with the October 30, 2024 hearing on the defendant's Motion to Suppress [doc. 98] ("the Motion"). AUSA Buie is the lead attorney for the government on this case and will represent the government at the October 30 hearing. Calling the government's attorney as a witness at a trial or hearing is disfavored and not permitted unless the government's attorney is the *only* witness who can testify on a contested question of fact. Because other witnesses can testify regarding the facts that the Motion places at issue, the government requests that the subpoena for AUSA Buie's testimony be quashed.

The government also respectfully requests that the Court hold this motion and any response by the defendant in abeyance until the October 30 hearing. AUSA Buie will be in court for the hearing, whether or not he becomes a witness. The government anticipates that the Court's decision on this motion will turn in part on the testimony of other witnesses at the hearing, and therefore this motion may not be ripe for adjudication until the hearing is under way. And the defendant's attorneys may determine, either at the hearing or beforehand, that the testimony of other witnesses or the stipulations of the parties render AUSA Buie's testimony unnecessary. Therefore, holding this motion and any response in abeyance is appropriate.

### Background

The defendant's attorneys filed the Motion on September 13, 2024. (Motion [doc. 98] at

34.) The government responded to the Motion on October 7, 2024. (Gov. Sealed Resp. in Op. to Mo. Supr. [doc. 107] at 49.) A hearing is set for October 30, 2024 in Austin, Texas. (*See* Order Setting Motion Hearing [doc. 100] at 1.)

On October 1, 2024, the defendant's attorneys emailed to the United States Attorney's Office in Austin a Subpoena to Testify at a Hearing or Trial in a Criminal Case, seeking AUSA Buie's testimony. (Ex. 1, Buie Subpoena, at 1.) The subpoena calls for testimony at 9:00 am on October 30, 2024, which is the date and time of the hearing on the Motion. (Order Setting Motion Hearing [doc. 100] at 1.) The United States Attorney's Office accepted service of the subpoena by email on AUSA Buie's behalf. The defendant's attorneys served similar subpoenas for testimony on FBI Special Agent Kyle Fisher, retired FBI Special Agents Preston Joy and David Hall, and former FBI Task Force Member Rani Sabban. (Ex. 2, Subpoenas, at 1, 3, 5, 7.)[1]

On October 17, 2024, in connection with the government's application of its *Touhy* Regulations, the defendant's attorneys described the testimony they intend to elicit at the hearing on the Motion. (Ex. 3, Letter, at 1.) Counsel stated in a letter that they intend to elicit testimony regarding six topics:

> (i) the initiation of the government's investigation into Mr. Paul; (ii) the government's retention and use of [a particular] World Class employee … as a Confidential Human Source in its investigation of Mr. Paul; (iii) the government's seizure and subsequent warrant application for the hard drive provided by [the Information Technology Manager at World Class]; (iv) the government's application for search warrants for Mr. Paul's home and office; (v) the government's seizure of documents from Mr. Paul's home and office; (vi) the government's subsequent retention and review of the seized evidence.

(*Id.* at 1.)

---

[1] The defendant's attorneys also served subpoenas for production of documents, but those subpoenas were subsequently withdrawn.

## Argument

Rule 17(a) of the Federal Rules of Criminal Procedure authorizes the issuance of subpoenas "command[ing a] witness to attend and testify at the time and place the subpoena specifies."  Fed. R. Crim. P. 17(a).  "Although Rule 17(a) … does not provide explicitly for quashal or modification, courts routinely have entertained motions seeking such relief …."  *Stern v. United States District Court*, 214 F.3d 4, 17 (1st Cir. 2000).  "Rule 17(a) subpoenas may issue where a defendant seeks testimony that is relevant and material to the issue being litigated."  *United States v. Bebris*, 4 F.4th 551, 559 (7th Cir. 2021); *see also Stern*, 214 F.3d at 17.  "Where the sought testimony is cumulative or immaterial, a court does not abuse its discretion by quashing a Rule 17(a) subpoena."  *Bebris*, 4 F.4th at 559; *cf. United States v. Beasley*, 479 F.2d 1124, 1128 (5th Cir. 1973) (upholding a district court's refusal to issue subpoenas on behalf of an indigent defendant under Rule 17(b) because the witnesses' testimony would have been "cumulative or immaterial").

"[C]ourts have properly refused to permit a prosecutor to be called as a defense witness unless there is a 'compelling need.'"  *United States v. Roberson*, 897 F.2d 1092, 1098 (11th Cir. 1990) (cleaned up) (holding that "[t]here could be no 'compelling need' to call the prosecuting attorney unless she was a 'necessary witness'" and that "there were other witnesses available"). " A defendant who wishes to call a prosecutor as a witness must demonstrate a compelling and legitimate reason to do so."  *United States v. Regan*, 103 F.3d 1072 (2d Cir. 1997).  "The party seeking such testimony must demonstrate that the evidence is vital to his case, and that his inability to present the same or similar facts from another source creates a compelling need for the testimony."  *United States v. Watson*, 952 F.2d 982, 986 (8th Cir. 1991); *see also United States v. Ashman*, 979 F.2d 469, 494 (7th Cir. 1992) ("There has been no showing that the testimony of the lead prosecutor was necessary to Dempsey's case, or that similar information could not have been obtained from another source."); *United States v. Dupuy*, 760 F.2d 1492,

1498 (9th Cir. 1985) (finding no compelling need where agents were present along with prosecutor at debriefing of government witness).

To the extent that AUSA Buie has been involved in events that are at issue in the Motion, his participation was alongside investigators from the FBI who can testify about the facts of which AUSA Buie would have knowledge.   Therefore, AUSA Buie is not a "necessary witness," and there is no "compelling need" for his testimony.

## Conclusion

For the foregoing reasons, the subpoena *ad testificandum* to AUSA Buie should be quashed.   The government requests that the Court hold this motion and any response by the defendant in abeyance until the hearing on October 30, 2024.

Respectfully submitted,

JAIME ESPARZA
United States Attorney

By:      */s Daniel D. Guess*
       Daniel D. Guess
       Assistant United States Attorney
       Texas Bar No. 00789328
       903 San Jacinto Blvd., Suite 334
       Austin, Texas 78701
       Tel: 512.916.5858
       dan.guess@usdoj.gov

## Certificate of Conference

I have conferred by telephone with the defendant's counsel of record, or another attorney for the government has done so, and the defendant's counsel oppose the relief sought in the foregoing motion.

                                            */s Daniel D. Guess*
                                            Daniel D. Guess
                                            Assistant United States Attorney

## Certificate of Service

On October 24, 2024, I filed the foregoing, and caused a copy to be served on the defendant's counsel of record, via the Court's Electronic Case File system.

                                            */s Daniel D. Guess*
                                            Daniel D. Guess
                                            Assistant United States Attorney