**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

UNITED STATES OF AMERICA

v.

NATIN PAUL

Case No. 23-cr-100-DAE

**JOINT ADVISORY REGARDING DEFENDANT NATIN PAUL'S MOTION**
**REGARDING GOVERNMENT'S EXPOSURE TO PRIVILEGED MATERIALS**

On September 13, 2024, Defendant Nate Paul moved for further discovery and an evidentiary hearing regarding the government's exposure to privileged materials.  *See* ECF 99. The government opposed Mr. Paul's Motion on October 7, 2024.  *See* ECF 106.  On October 23, 2024, in light of the government's Opposition, Mr. Paul replied to propose a path forward that likely negates the need for an evidentiary hearing on this issue.  *See* ECF 120.  Pursuant to the Court's Order (ECF 103), the parties met and conferred on October 29, 2024 to identify remaining issues in dispute that will require resolution by the Court.  The parties agree that no material facts remain in dispute.  The parties disagree, however, on the appropriate remedy, and have set forth their respective positions below.

**<u>Defendant Nate Paul</u>**

As explained in his Reply (ECF 120), Mr. Paul maintains that steps must be taken to address the prosecution team's repeated exposure to his privileged documents.  Unfortunately, because the government failed to maintain records of its exposure to privileged materials, tailoring a remedy to the specific privilege violations is now impossible.  Instead, Mr. Paul has been forced to attempt to retrace the government's steps to determine how best to account for its failure to isolate his privileged documents.  To that end, and as set forth in his Reply, Mr. Paul submits that the following remedies are warranted:

1. Task Force Member Rani Sabban, who was repeatedly exposed to Mr. Paul's privileged information, should be disqualified from any further involvement in this matter;

2. Members of the Filter Team should review all of Mr. Sabban's work product to determine whether it contains reference to any of Mr. Paul's privileged documents or communications;

1

3. All members of the prosecution team should provide certifications to the Court that they do not recall viewing any of Mr. Paul's privileged communications, and the steps they would have taken had they viewed such communications; and

4. The Filter Team must run a search across its entire BIDMAS database for documents containing terms in the filter protocol Mr. Paul agreed to, isolating and removing from its case any documents that were not specifically downgraded by Mr. Paul's counsel during the filter process.

Mr. Paul maintains that, for the reasons set forth in his Motion, the aforementioned remedies are necessary, given the government's inability to attest to its precise exposure to privileged materials.

### **Government**

As articulated in its response (ECF 106), the Government's position is that Mr. Paul has not established that he is entitled to relief based on the potential exposure of members of the prosecution team to privileged—or possibly privileged—materials.[1] While the Government does not oppose suppression at trial of any document over which Mr. Paul holds a valid and enforceable privilege—and will work with defense counsel to identify any such documents prior to trial— the legal authority that the government's response (ECF 106) discussed does not authorize further relief based on the facts alleged in Mr. Paul's motion. Uncertainty exists about whether, and to what extent, some members of the prosecution team were actually exposed to privileged material,

---

[1] As explained in the Government's response (ECF 106 at 4 & n.2), many documents were flagged as potentially privileged because they contained one or more agreed Filter Search Terms, and at times members of the government's prosecution team had access to such documents, at least some of which were in fact likely privileged.  With the exception of a single document, however, the government has not determined that members of the prosecution team actually viewed any document that is protected by an unwaived evidentiary privilege that Mr. Paul has standing to assert.

and the government acknowledges that it had opportunities to maintain records that would have alleviated at least some of that uncertainty. Nevertheless, the law clearly requires a party seeking the relief sought by Mr. Paul to demonstrate both a plausible constitutional violation and a realistic threat of resulting trial prejudice. Absent such a showing, additional relief is not warranted.

* * *

The parties appreciate the opportunity to present these issues to the Court on November 4, 2024.

Dated:  October 31, 2024                    Respectfully submitted,


                                           By: */s/ Tobin J. Romero*
                                           Tobin J. Romero (admitted *pro hac vice*)
                                           Simon A. Latcovich (admitted *pro hac vice*)
                                           Patrick J. Looby (admitted *pro hac vice*)
                                           Allison S. Eisen (admitted *pro hac vice*)
                                           Williams & Connolly LLP
                                           680 Maine Ave. SW
                                           Washington, DC 20024
                                           Phone (202) 434-5000
                                           Fax (202) 434-5600
                                           tromero@wc.com
                                           slatcovich@wc.com
                                           plooby@wc.com
                                           aeisen@wc.com

                                           E. G. Morris
                                           SBN: 14477700
                                           Law Office of E. G. Morris
                                           505 W. 12th St. Ste. 206
                                           Austin, Texas 78701
                                           Phone (512) 478-0758
                                           Fax (877) 497-8347
                                           egm@egmlaw.com

                                           *Counsel for Natin Paul*

By: _/s/ Matt Harding_____
Matt Harding
Assistant United States Attorney
Texas Bar No. 24066944
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
Tel: 512.916.5858
Fax: 512.916.5854

*Counsel for United States of America*

**CERTIFICATE OF SERVICE**

On October 31, 2024, I caused a copy of the foregoing pleading to be filed electronically with the Court using the Court's CM/ECF system, which will transmit a notice of electronic filing to all counsel of record in this action.

/s/ Tobin J. Romero
Tobin J. Romero