UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA

v.

NATIN PAUL

Case No. 23-cr-100-DAE

**DEFENDANT NATIN PAUL'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO ALLEGE ESSENTIAL ELEMENT**

For three reasons, the government's arguments do not remedy its failure to plead the "willfully" element.

***First***, with respect to Count One, this Court is bound by Fifth Circuit precedent holding that willfulness is an element of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. *See, e.g.*, *United States v. Kuhrt*, 788 F.3d 403, 414 (5th Cir. 2015) ("To prove conspiracy to commit wire fraud, the government must prove that. . . (3) the defendant joined in the agreement ***willfully*** . . . ." (emphasis added)); *United States v. Bryant*, 854 F. App'x 572, 573 (5th Cir. 2021) (per curiam) ("To prove conspiracy to commit wire fraud, the Government must prove that . . . (3) 'the defendant joined in the agreement ***willfully***, that is, with the intent to further the unlawful purpose.'" (quoting *United States v. Grant*, 683 F.3d 639, 643 (5th Cir. 2012)) (emphasis added); *United States v. Copeland*, 2021 WL 6102489, at *1 (5th Cir. Dec. 23, 2021) (per curiam) (same).

In attempting to paint these decisions as outliers, the government points to two Fifth Circuit decisions: *United States v. Comstock*, 974 F.3d 551 (5th Cir. 2020) and *United States v. Beacham*, 774 F.3d 267 (5th Cir. 2014). *See* Opp. at 2-4. In *Comstock*, however, the government conceded, and the district court instructed the jury, that willfulness was an element of conspiracy to commit wire fraud. *See* Appellee's Br., *United States v. Comstock*, 2020 WL 763199, at *29 (Feb. 14, 2020) ("First, the district court gave the jury detailed instructions on specific intent. The court explained that, to prove Comstock conspired to commit wire fraud, the government had to show Comstock agreed to commit wire fraud, 'knew of the unlawful purpose of the agreement,' and joined the agreement "***willfully***, that is, with the intent to further the unlawful purpose." (emphasis added)). The same was true in *Beacham*. *See* Appellee's Br., *United States v. Beacham*, 2013 WL 6385128, at *17 (Nov. 27, 2013) ("The court instructed the jury that, to convict the defendants of [conspiracy to commit wire fraud], it must find that . . . (2) the defendant knew the unlawful

purpose of the agreement and joined it ***willfully***, that is, with the intent to further the unlawful purpose . . . The appellants do not dispute that this language charged the jury correctly on Count 1." (emphasis added)).

Moreover, the government overlooks that *Beacham* relies exclusively on the Circuit's prior holding in *Grant*. *See Beacham*, 774 F.3d at 272 n.4 (citing *Grant*, 683 F.3d at 643). *Comstock*, in turn, relies exclusively on *Beacham*. *See Comstock*, 974 F.3d at 557 (citing *Beacham*, 774 F.3d at 272). In *Grant*, the Fifth Circuit stated that the government must establish that a defendant "joined in the agreement ***willfully***" to prove a violation of Section 1349. 683 F.3d at 643 (emphasis added).[1] This is consistent with *Bryant*, *Khurt*, and *Copeland*, and the litany of other circuits that have agreed that Section 1349 requires a finding of willful participation in the conspiracy. *See* Mot. at n.1.

The government argues in the alternative that the indictment's failure to allege willfulness is not fatal because, in this context, "willfully" actually means "with specific intent." Opp. at 3. The Supreme Court has made clear, however, that "when used in the criminal context, a willful act is one undertaken with a bad purpose. In other words, in order to establish a willful violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Bryan v. United States*, 524 U.S. 184, 191-92 (1998) (citations and footnote omitted). Thus, mere specific intent to commit a certain act is insufficient; to establish willfulness, the government must prove a specific intent to violate the law. *Id.*

---

[1] That *Grant* charged a conspiracy to commit health care fraud, as opposed to wire fraud, is irrelevant. The Fifth Circuit routinely applies *Grant*'s standard to charges of conspiracy to commit wire fraud. *See, e.g.*, *United States v. Simpson*, 741 F.3d 539, 547 (5th Cir. 2014) (conspiracy to commit mail and wire fraud); *United States v. Mitchell*, 533 F. App'x 387, 390 (5th Cir. 2013) (per curiam) (same).

Finally, even if it were true that "specific intent" actually means "willfully"—and it does not—it would not satisfy the government's burden to charge the offense "in haec verba or by words of similar import." *United States v. Mekjian*, 505 F.2d 1320, 1324 (5th Cir. 1975); *see also Walker v. United States*, 342 F.2d 22, 26-27 (5th Cir. 1965) ("essential elements of a crime cannot be implied in an indictment"). The government has failed to allege that Mr. Paul acted "willfully" and has thus failed to adequately charge conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.

***Second***, with respect to the counts charging violations of Section 1014 (Counts 5-12), this Court is bound by the Fifth Circuit's decision in *United States v. Sandlin*, explicitly finding that the "elements of guilt under Section 1014 are these: (1) the defendant knowingly and ***willfully*** made a false statement to the bank, (2) the defendant knew that the statement was false when he made it, (3) the defendant made the false statement for the purpose of influencing the bank to extend credit, and (4) the bank to which the false statement was made was federally insured." 589 F.3d 749, 753 (5th Cir. 2009). The government's contention that the Fifth Circuit's articulation of the applicable *mens rea* was merely ancillary to its holding, Opp. at 9, is incorrect. To the contrary, it was essential that the jury found that the defendant had a "willful state of mind." *See Sandlin*, 589 F.3d at 754 ("[T]he jury in this case found that Sandlin's actions evinced a knowing and willful state of mind. We will not disturb that finding."). *Sandlin*'s statement of the "willfully" *mens rea* is binding.[2]

***Third***, with respect to the wire fraud counts (Counts 2-4), as set forth in the opening Motion, Mr. Paul recognizes that the Court is bound by Fifth Circuit precedent holding that

---

[2] Tellingly, the government does not contest that cash "is a form of property." Opp. at 11. Accordingly, the very text of Section 1014 requires that the government plead willfulness to properly charge the overvaluation of this property.

3

willfulness is not an element of wire fraud, but respectfully maintains for purposes of preserving the argument that willfulness is an element of wire fraud, as at least two other circuits have more recently stated. *See* Mot. at 4. So, too, Mr. Paul recognizes that this Court is bound by the Fifth Circuit's decision in *United States v. Cook* holding that defendants "accused only of causing another to do an illegal act need not be formally charged under [§] 2 and an indictment is sufficient if it alleges the criminal intent required for the substantive offense." 586 F.2d 572, 575 (5th Cir. 1978). However, Mr. Paul respectfully maintains that (i) willfulness is an essential element of the substantive offense of wire fraud, (ii) more recent Fifth Circuit decisions suggest that willfulness is an element of an aiding and abetting charge under 18 U.S.C. § 2(a), *see, e.g.*, *United States v. Ortiz-Loya*, 777 F.2d 973, 980 (5th Cir.1985) ("A conviction for aiding and abetting under 18 U.S.C. § 2(a) requires the government to establish that the defendant **wilfully** [sic] associated himself in some way with the criminal venture and **wilfully** [sic] participated in it as he would in something he wished to bring about." (emphases added)), and (iii) to convict a defendant on an aiding-and-abetting theory without alleging the essential elements of that theory in the indictment violates the Fifth Amendment's indictment guarantee. Accordingly, Mr. Paul maintains that Counts 2-4 should be dismissed for failure to allege an essential element of the substantive wire fraud charge and of the companion charge of aiding and abetting, and preserves these arguments notwithstanding contrary Fifth Circuit precedent that binds this Court.

\* \* \*

For the foregoing reasons, the Court should dismiss the Superseding Indictment for failure to allege the essential element of willfulness.

Dated: November 13, 2024                             Respectfully submitted,

By: */s/ Tobin J. Romero*
Tobin J. Romero (admitted *pro hac vice*)
Simon A. Latcovich (admitted *pro hac vice*)
Patrick J. Looby (admitted *pro hac vice*)
Allison S. Eisen (admitted *pro hac vice*)
Williams & Connolly LLP
680 Maine Ave. SW
Washington, DC 20024
Phone (202) 434-5000
Fax (202) 434-5029
tromero@wc.com
slatcovich@wc.com
plooby@wc.com
aeisen@wc.com

E. G. Morris
SBN: 14477700
Law Office of E. G. Morris
505 W. 12th St. Ste. 206
Austin, Texas 78701
Phone (512) 478-0758
Fax (877) 497-8347
egm@egmlaw.com

*Counsel for Natin Paul*

**CERTIFICATE OF SERVICE**

On November 13, 2024, I caused a copy of the foregoing pleading to be filed electronically with the Court using the Court's CM/ECF system, which will transmit a notice of electronic filing to all counsel of record in this action.

<u>*/s/ Tobin J. Romero*</u>
Tobin J. Romero